## BANK OF ORLEANS *vs.* BARRY.

The legal presumption is, that a promissory note is given in the course of business and for value, and that it is to be paid by the maker as the primary debtor.

The defendant having in his possession a promissory note payable to the plaintiffs, a banking corporation, or order, made by three persons, two of whom, whose names stood last, had added the word " surety" to their signatures, endorsed his own name on the back and procured it to be discounted at the plaintiff's bank; there being no proof of the origin of the note, *Held,* that although among the makers the last two were sureties for the first, yet *all* the makers were the primary debtors of the plaintiff, and the defendant stood in the light of *their* surety, and was therefore entitled to show in his defence that the plaintiffs had, by an arrangement with the makers, extended the time of payment.

ASSUMPSIT, tried at the Orleans circuit on the 14th day of October, 1843, before DAYTON, C. Judge. The declaration contained the general money counts, with a copy of the promissory note hereinafter mentioned, annexed. The defendant pleaded *non-assumpsit,* and another defence not necessary to be here noticed. On the trial the plaintiffs produced and proved a note, of which the following is a copy:

" Ninety days after date, we jointly and severally promise to pay *The Bank of Orleans,* or order, six hundred dollars, for value received.     ABNER DARLING.

" Clarkson, Feb. 1, 1837.     HOPKINS ROWELL, Security.

" $600,00.     S. BOUGHTON, Surety."

Endorsed, " WILLIAM BARRY."

The note was duly demanded of the makers, and notice of non-payment given to the defendant.

It was proved that the defendant brought the note to the bank about forty days after its date, his name then being on the back

of it; that it was discounted by the bank, and the proceeds, $594,87, paid to defendant.

The defendant's counsel asked for a nonsuit, insisting, among other grounds, that the defendant was not holden to the plaintiffs on the note—his situation in regard to them being that of second endorser. The court denied the motion. The defendant's counsel then offered to prove, that in 1837 the plaintiffs sued the makers of the note in this court, and recovered judgment against them; that at the time of obtaining the judgment, the plaintiffs had another suit pending against Darling, one of the makers of this note and another person on a different demand, which suit Darling was defending on the ground of usury; that it was agreed between the plaintiffs and Darling that he (Darling) should give a cognovit in said suit, and that the plaintiffs would thereupon stay execution upon the former judgment *for one year;* that this was accordingly done without the assent or knowledge of the defendant in this suit; that Darling then had personal property enough to pay the judgment, on which time was so given, but became insolvent within the year.

The defendant's counsel objecting to this evidence, the court sustained the objection, and it was excluded. Other evidence was also offered and excluded on a like objection, which is here omitted, as the opinion of the court turned upon that already mentioned.

The jury, under the direction of the court, found a verdict for the amount of the note and interest. The defendant's counsel duly excepted to the ruling of the circuit judge.

The defendant moves for a new trial on a case.

*H. R. Selden,* for the defendant, insisted that the plaintiffs could not recover on the note, and cited 2 *Hill,* 84; 3 *id.* 233; 4 *id.* 420. The defendant was a mere surety for the makers, and upon well settled principles was discharged by the act of the plaintiffs in extending the time of payment of the judgment against the principal debtor. (8 *Pick.* 122, 128; 13 *Wend.* 375.)

*S. Stevens,* for the plaintiff. The defendant may be treated as a maker of the note. (1 *Hill,* 287; 20 *John. R.* 288; 4 *Hill,*

420; 20 *John. R.* 368; 19 *Wend.* 202; 24 *id.* 456; 17 *id.* 214, *and cases cited;* 8 *id.* 421; 3 *Mass. R.* 274; 11 *id.* 436; 4 *Pick.* 312, 385.)

The defendant was the maker of the note and the principal debtor to the plaintiffs. The other parties were sureties for him.

*By the Court,* BEARDSLEY, J. We first hear of this note about forty days after its date, at which time it was transferred by the defendant to the plaintiffs, and by them discounted for his benefit. In form, the note was payable to the plaintiffs or order, the defendant's name not appearing on its face, and it was signed by Darling, Rowell and Boughton, the last two adding to their signatures the word *surety.* When discounted, the defendant's name was endorsed on the back of the note, and in that condition it was transferred by him to the plaintiffs.

It is necessary to determine who, in this case, was the principal debtor, and who surety; for upon this the cause must turn. If the defendant stood in the relation of surety to the makers of the note, or either of them, the offer to prove that the plaintiffs, by agreement, gave a year's time to the makers, was material and should not have been overruled. It is a familiar rule that time given to the principal debtor, without the assent of the surety, discharges the latter from his engagement. (*Gahn* v. *Niemcewicz's ex'rs,* 11 *Wend.* 312, 317; *King* v. *Baldwin,* 17 *John.* 384; *Fulton* v. *Matthews,* 15 *id.* 433.) This is the defence which the defendant offered to prove; and if he stood in the relation of surety, it was, unquestionably, available in his favor.

As between the makers of the note, Darling must be regarded as the principal debtor and the other signers as sureties. Darling stands first in the order of signing, the names of the others being below his. The word surety is not annexed to his name, but it is to that of each of his co-signers. By this, I understand, that they signed as sureties for Darling, he being the principal debtor, and as such bound to pay the note.

This form of executing the note by the several makers, repels the idea that they signed as sureties for the present defendant or any one else. It shows that they did not all sign in the same

Bank of Orleans v. Barry.

character, and imports, very clearly, as I think, that Darling was the primary debtor and the other makers his sureties.

The legal presumption is that every promissory note was given in the course of business and for value, and that it is to be paid by the maker as the primary debtor. Whoever sets up that it was an accommodation note, must prove the fact to be so, for the contrary is the legal intendment. Here, no explanation as to the origin of this note was given, and we are to infer its true character from its terms, and from the fact that the defendant held and disposed of it as owner, some forty days' after its date. Now, although the note was not made payable to the defendant by name, or to any one else who had endorsed it to him, and in this respect was unusual in its form, that circumstance should not, in my opinion, be allowed to overthrow the strong presumption existing in the case, that the note was business and not accommodation paper. That, as has already been observed, is the legal presumption; and, in this case, the presumption is strongly fortified by the form in which the note was executed by the several makers. The note must therefore be regarded as the original debt of Darling; and being transferred by the defendant to the plaintiffs, who discounted it, his engagement to them was in the character of surety for Darling.

If the defendant could be charged and holden as endorser of this note, his rights' were, notwithstanding, those of a surety; and they would not be changed or impaired, even if the plaintiffs were authorized to write a promissory note, or an absolute guaranty, above his name. I shall not undertake to say what, in these respects, was the true character of his engagement. That question is full of confusion if not of difficulty. It is enough for this case to say, that as between Darling and the defendant, the former was the principal debtor, and the defendant's engagement to the plaintiffs was in the character and with the rights of a surety. This being the fact, the defendant was absolved from his contract, if the plaintiffs made an agreement to give time to the principal debtor, as was offered to be proved. That testimony was material and should have been received. A new trial must be had.

New trial ordered.