WILLIAM H. POGUE *et al.*, Appellants, *v.* SAMUEL F. CLARK, Appellee.

THE SAME, Appellants, *v.* ISAAC WHITAKER, Appellee.

APPEALS FROM BOND.

Promissory notes by which "we, or either of us, promise to pay" are joint and several, and it is no variance to describe them as joint notes, or to say that the makers promised to pay the money, this being the legal effect of such notes.

*Semble :* Promissory notes were not entitled to days of grace, prior to the act of February 22nd, 1861.

THE first count in the declaration filed in the case of Clark, appellee, states that the appellants, on the 9th day of March, 1858, at Bond county, Illinois, made their joint note to the appellee, by which said note appellants " promise to pay on the ninth day of March, A. D. 1860, to the order of Samuel F. Clark, the sum of fourteen hundred and four dollars and four cents, with interest at the rate of ten per cent. per annum, payable in currency, for value received."

Declaration also contained another count on note, payable in two years from said date.

Appellants filed plea of general issue. Cause was tried by the court.

The appellee, to support the issues on his part, offered in evidence under the first count of the declaration, the following note, signed by the parties:

"$1,404 04-100.                    *"Bond County, Illinois, March* 9, 1858.

"Two years after date, we, or either of us, promise to pay to the order of Samuel F. Clark, the sum of fourteen hundred and four dollars and four cents, with interest at the rate of ten per cent. per annum, for value received, payable in currency."

Which was all the evidence offered.

To the offering of which note in evidence under the first count in said declaration, said appellants objected; but the court overruled said objection, and admitted it to be read in evidence under said first count—to the overruling of which objection said appellants excepted.

The court found the issues for the appellee, and assessed his damages at the sum of $1,700.05.

Appellants moved for a new trial; which motion the court overruled, and appellants excepted.

Appellants bring the cause to the Supreme Court, and assign the following errors:

1st. That the court erred in admitting the note to be read in evidence under the first count of the declaration, because the note offered in evidence does not correspond with the note described in said first count.

2nd. That the court erred in admitting improper evidence to be read on the trial of said cause, under said first count.

3rd. That the court below erred in rendering judgment for the appellee, when he should have rendered judgment for the appellants for cost of suit.

4th. That the court erred in overruling appellants' motion for a new trial.

The first count in the declaration of Whitaker, appellee, states that the appellants "on the ninth day of March, in the year of our Lord one thousand eight hundred and fifty-eight, at Bond county, Illinois, to wit, at the city of Alton, in the county of Madison, and State of Illinois, made their certain joint note in writing, bearing date the day and year last aforesaid, and delivered the same to one Samuel F. Clark, by which said note appellants promise to pay, on the ninth day of March, A. D. 1859, to the order of Samuel F. Clark, the sum of fourteen hundred and four dollars and four cents, with interest at the rate of ten

per cent. per annum, payable in currency; and that the said Samuel F. Clark afterwards indorsed the same to the said appellee, Isaac Whitaker."

Declaration also contained the common counts, which were dismissed by appellee.

Plea, general issue.    Tried by the court.

Upon the trial, the appellee offered in evidence the following note, signed by the parties:

"$1,404 04-100.                *"Bond County, Illinois, March* 9, 1858.

"Twelve months after date, we, or either of us, promise to pay to the order of Samuel F. Clark, the sum of fourteen hundred and four dollars and four cents, with interest at the rate of ten per cent. per annum, for value received, payable in currency."

Indorsed "S. F. Clark."

Which was the only evidence offered in the said suit.

To the offering of which in evidence, the said appellants objected; which objection the court overruled, and allowed the same to be read in evidence.

To which overruling of said objection, the said appellants excepted.

The court found the issues for the appellee, and assessed his damages at the sum of one thousand seven hundred dollars and five cents.

Appellants moved the court for a new trial; which motion was overruled by the court, and appellants excepted.

Appellants bring the cause to the Supreme Court, and assign the same errors in both cases, with this exception, in the case of Whitaker:

That the court below erred in giving judgment for the appellee, inasmuch as appellee did not show, upon the trial of the cause, legal title to said note offered in evidence, or that he was the holder of the same; and the appellants having objected to the introduction of the same in evidence, the court should have excluded the same, and rendered judgment for the appellants for cost of suit.

W. H. POGUE, for Appellants.

J. M. PALMER, for Appellees.

WALKER, J.    It is urged that there is a material variance between the notes described in the declarations, and those read in evidence on the trial.    The count in the first case describes the instrument sued upon as the joint note of the makers, and so of the first count of the other case, while in the second count

of the latter, it is only averred that they by the note promised to pay the money. The notes when produced were joint and several. There can be no question but these were joint notes, and they were also in terms several. According to their legal effect, the makers were jointly liable for their payment, and the fact that they were also several, made them none the less joint promises. In an action against one of the makers of a joint and several note, the describing it as the several note of the maker who was sued, without in any way noticing the other parties, has been held to be no variance. Chitty on Bills, 562, and authorities there cited. On the same principle, the converse of the proposition must be true.

In each of these cases, the declaration and præcipe were filed, and summonses issued on the 19th day of March, 1860. The note sued upon in one of these cases matured on the 9th day of March, 1859, and in the other, on the same day of March, 1860. In the one case one year and ten, and in the other ten days before suit was instituted. Thus it will be observed, that even if promissory notes are entitled to days of grace, which we think from former decisions of this court they are not, this record clearly fails to present that question. And we deem its discussion unnecessary in these cases.

The judgments of the court below are affirmed.

*Judgments affirmed.*