FIRST NATIONAL BANK OF SPRINGFIELD v. LEAVITT ET AL,
APPELLANTS.

1. **Principal and Surety:** RENEWAL NOTE: PAYMENT OF INTEREST: DISCHARGE OF SURETY. The payment of interest in advance after the maturity of a note is not, by itself, evidence of an agreement for an extension of the note ; but the taking of a renewal note from the principal debtor, and receiving interest upon it from its date to its maturity is evidence of a contract to receive it in payment of the original or for delay on the original until the maturity of the renewal note, and, unless rebutted, is conclusive evidence, and the effect of it is to discharge a surety on the original note.

2. **Renewal Note Received as Conditional Payment.** When the creditor receives the renewal note as conditional payment, he thereby agrees that, if it be paid at maturity, the original shall be satisfied, and assumes an obligation to wait upon the makers of the original until the maturity of the renewal note.

3. ———. The taking of a renewal note from the principal debtor, by way of conditional payment of an existing note and the receipt of interest in advance upon it, amount to an extension of the original and effect a discharge of the surety.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

The instructions given at the request of the plaintiff, to which reference is made in the opinion of the court, are as follows:

No. 1. That the payment or satisfaction of a note is that act which entitles the payors to a delivery of the note, and requires the assent of the legal holders of the note to the act to render it a payment or satisfaction of the note.

No. 2. That in this case the plaintiff has never surrendered, nor has the defendant, Robberson, done any act to entitle him to have possession of the note.

No. 3. That the several notes given by the co-defendants of Robberson to John J. Culbertson, though for same amount, yet not payable to the bank by name, nor to its cashier in his official capacity, were not accepted by the

bank as payment, nor in discharge or satisfaction of the note sued on, nor does that fact entitle Robberson, or either of the defendants, to claim said notes, or either of them, as payment of the note sued on.

*Bray & Cravens, Young & Thrasher* for appellants.

I. The renewal of a note in bank is a cancellation and payment of the former note, and is so regarded by the commercial world. 2 Pars. Bills and Notes 203–4; and is such an extension of credit as to release sureties not consenting thereto. Edwards on Bills and Notes 355; *Bangs v. Mosher*, 23 Barb. 478; *Frisbie v. Larned*, 21 Wend. 450; *La Farge v. Herter*, 4 Barb. 346.

II. If for a good or sufficient consideration the creditor gives time or forbearance to the principal debtor, the surety is discharged. 1 Pars. Bills and Notes 238; *Gahn v. Niemcowiez*, 11 Wend. 312; *Rathbone v. Warren*, 10 Johns. 587; *Clippinger v. Cress*, 2 Watts 45; *Globe Mut. Ins. Co. v. Carson*, 31 Mo. 218; *Rucker v. Robinson*, 38 Mo. 154; *McCune v. Belt*, 38 Mo. 281.

III. The receipt of interest, in advance, after maturity of a note, is a sufficient consideration, and is *prima facie* evidence of a valid agreement to extend the time of payment. 2 Pars. Bills and Notes 241; *Crosby v. Wyatt*, 10 N. H. 318. *Hosea v. Rowley*, 57 Mo. 357, is not in conflict with this view. We do not contend that it is conclusive, but only *prima facie* evidence of extension, and may of course be rebutted.

IV. There were four renewals of the note sued on, for three months each—for the same sum of money—interest paid in advance on each. It was "conditionally paid," as marked on the books of the bank.

V. The contract of suretyship imports entire good faith and confidence between the parties in regard to the whole transaction. Any concealment of material facts, or any undue advantage taken of the surety by the creditor, either by surprise or by withholding proper information,

will invalidate the contract. And upon the same ground the creditor is, in all subsequent transactions with the debtor, bound to equal good faith to the surety. And if any stipulations are made between the creditor and debtor which are not communicated to the surety, and are prejudicial to his interests, they will operate to discharge him. 1 Story Eq. Jur., §§ 324, 325, 326; 1 Parsons on Bills and Notes 236.

VI. If there be a failure on the part of the principal, and the surety or guarantor is looked to for payment, he should have reasonable notice of such facts, and, if from want of such notice, he is placed in a position where he cannot save himself by reason of the insolvency of the principal occuring after maturity of the note, he will be discharged. Edwards on Bills and Notes 243; 2 Parsons on Notes and Bills 141–2; Parsons Mercantile Law 70, and Notes; *Oxford Bank v. Haynes*, 8 Pick. 423; *Bickford v. Gibbs*, 8 Cush. 154; *Babcock v. Bryant*, 12 Pick. 133.

*C. B. McAfee* for respondent.

1. There was no satisfaction or payment of the note sued upon, nor any enlargement or extension of time for the payment of the same.

2. Plaintiff never surrendered said note, nor has defendant, Robberson, or either of his co-defendants done any act to entitle him or them to the possession of said note.

3. The several notes given by the co-defendants of Robberson to Culberson, though for the same amount, yet not payable to the bank by name, nor to its cashier in his official capacity, were not accepted as payment, discharge or satisfaction of the note sued on, nor does that fact entitle said Robberson, or either of said defendants, to claim said notes or either of them, as payment of the note sued on.

4. The note sued on is joint and several, and the parties are all principals. There is no law requiring notice

and protest to fix the liability of joint makers of a note.

5. The receipt of interest on a claim in advance, is not a sufficient consideration for an extension of time of payment.

6. It is the business of the surety to see that the principal pays. If he does not, the surety may pay and take measures for his indemnity.

7. The plaintiff was not precluded at any time after the note sued on became due from commencing suit upon it. Authorities relied on by respondent: *Oxford Bank v. Lewis*, 8 Pick. 458 ; *Blackstone Bank v. Hill*, 10 Pick. 129 ; *Freeman Bank v. Rollins*, 13 Maine 202 ; *McLemore v. Powell*, 12 Wheat. 554 : *Wilson v. Foot*, 11 Met. 287.

HENRY, J.—When time is given to the principal debtor by a valid agreement which ties up the hands of the creditor, though it be for a single day, the surety is discharged. Edwards on Bills and Notes 355. The rule and the reason for the rule are much better stated by Rogers, J., in *Clippinger v. Cress*, 2 Watts 45. "If a creditor, by any contract which can be enforced against him, at law or in equity, gives time to his debtor, he discharges the surety, for if, notwithstanding such contract, it were competent to sue the surety, the latter would immediately have his remedy over against the debtor. This would be in fraud of the contract of forbearance which the creditor would thereby immediately defeat." See, also, *Kincaid v. Yates*, 63 Mo. 47. There is a conflict between the cases as to what facts, in the absence of an express stipulation, will authorize a jury to find that there was such an agreement. In Massachusetts and Maine it is held that the payment of interest in advance is not of itself evidence of an agreement to delay. In *Crosby v. Wyatt*, 10 N. H. 322, Parker, Ch. J., held that " payment of interest in advance is not of itself a contract to delay, but is evidence of such contract. The evidence derived from it may be rebutted, but, unless rebutted, such evidence is conclusive."

In the case of *Hosea v. Rowley*, 57 Mo. 357, this court followed the Massachusetts cases. In some of the States 2. RENEWAL NOTE RECEIVED AS CONDITIONAL PAYMENT it is held that the taking of a bill or note from the debtor, payable on a future day, suspends the creditor's right of action for the original debt, and operates as an extension of credit by which a surety is discharged. *Hart v. Hudson*, 6 Duer 305, in which are cited, as authority for the doctrine: *Putnam v. Lewis*, 8 John. 389; *McLean v. Lafayette Bank*, 3 McLean 589; 5 Hill 465; 1 Denio 116; 1 John. 34; 15 Id. 243; Id. 349; 16 John. 273; 3 Denio 512. The doctrine is probably too broadly stated in *Hart v. Hudson*, and requires the qualification that the note or bill was received in payment. Certainly if there were an express agreement to the contrary, or that the bill or note were received as a collateral, its acceptance by the creditor would not discharge the surety.

In *Fellows v. Brantiss*, 3 Denio 512, the creditor gave the debtor a receipt for the check, which expressly stated 3. —— that the check was taken in payment of the original indebtedness, and, in several of the cases cited, it appears that the security was taken expressly as payment of the prior indebtedness. If, after the maturity of a note, the creditor received a note or bill from the principal debtor in absolute payment thereof, a surety in the first note would be discharged. We think it equally clear that the fact of taking such note and receiving interest upon it, from its date to its maturity, would be evidence of a contract to receive it in payment, and for delay on the original, until the maturity of the renewal note, and, unless rebutted, such evidence would be conclusive.

In addition to these two important facts, the receipt of the principal's note and of interest in advance thereon for four months, we have the fact of an entry on the bills-receivable book of the plaintiffs, that the original note was paid conditionally, and this entry was made by the officers of the bank about the time or soon after the renewal note was given. There were four renewals, and

each time an entry was made that the former renewal note was conditionally paid.

What is a conditional payment? and what obligation does that agreement impose upon the bank. The substance of the agreement is that if the new note be paid at maturity the original indebtedness shall be satisfied, and the obligation upon the bank is to wait with the makers of the original until the maturity of the renewal note.

There is a distinction recognized, as to the effect of the taking of a new note by the creditor from the principal debtor in payment of a prior indebtedness, between the obligation of the principal on the original indebtedness, and that of his surety. In *Hart v. Hudson, supra,* it was thus stated by Duer, J. "The cases which he (a referee), has cited only prove what as a general rule is undoubtedly true, that the taking from the debtor of his promissory note for an existing debt is not, as between the parties an absolute satisfaction of the debt; but they do not prove that in such cases the creditor's right of action is not suspended until the note he has taken becomes due, nor consequently that the note is not conclusive proof of an extension of credit by which the surety or endorser is discharged. There is in truth no conflict in the decisions, and those to which I have referred conclusively show that a negotiable note taken from a debtor even as between the original parties is a conditional satisfaction of the debt which formed its consideration, and that, in respect of a surety, whether a guarantor or indorser, whose assent to the transaction is not proved, the satisfaction which it works and of which it is evidence is absolute." *Appleton v. Kennon,* 19 Mo. 637, was a suit against an original debtor, the creditor having taken the notes of one Skillman, who had assumed the original debtor's liabilities. The Skillman notes were not paid, and the creditor sued the original debtor, and the court held, Ryland, J., that the receipt of the Skillman notes, in the absence of other proof, was a conditional payment only.

Whether, as to the surety, the taking of the new note be held as a payment or an agreement for an extension of the credit on the original note, the result is the same, it discharges him.

In the case at bar, the execution of the first renewal note and the payment of the interest, and the entry on the bills-receivable book of the bank that it was taken as a conditional payment, was, as to Robberson, the surety on the original note, an absolute payment of the note. At all events, these facts were not only evidence of but constituted an agreement to extend the time of payment of the original, until the maturity of the renewal note. For sixteen months after maturity of the note on which defendant was liable as a surety, these renewals were occurring without notice to defendant, and each renewal note was taken by plaintiff as a conditional payment of the one which preceded it, and between the maturity of the original note, and the last renewal note, the principal debtor became insolvent, and upon the principle announced in the case of *Grube v. Stille,* 61 Mo. 475, plaintiff, by its conduct, had discharged defendant from his liability. These views are not in conflict with those expressed by this court in *Hosea v. Rowley.* There was, in that case, nothing upon which to predicate an agreement for an extension of credit on the original note, except the acceptance of interest on the note for the four months immediately succeeding the maturity of the note. No new note was given, and no agreement made, that, in consideration of the payment of interest for four months, the time for payment of the note should be extended. It simply followed the doctrine of the Massachusetts cases, that such an acceptance of interest was not evidence of an agreement for delay. We see no particular objection to the 1st and 2nd instructions given by the court for the plaintiff, except that the facts that plaintiff had never surrendered the note, and that defendant, Robberson, had done no act to entitle him to the possession of the note, which are mentioned in the 2nd

instruction, were of no consequence in the determination of the controversy betwixt the bank and Robberson. His discharge from liability by no means depended upon his right to the possession of the note.

The third instruction was erroneous. If the evidence had been submitted to the jury upon the issue whether the plaintiff accepted the renewal note, in payment of the original note, and that is as favorable a view as could have been taken for plaintiff, the court would have erred in declaring to the jury that the renewal note was not accepted as payment of the note sued on. On the evidence the jury must have found that issue for the defendant; but we hold that where there was evidence tending to prove that a new note had been taken from the principal debtor, and interest in advance on that note accepted by the plaintiff and on plaintiff's bills-receivable books there was an entry that it had been conditionally paid, the jury should have been told that if they so found the facts, they constituted, as to the surety, a payment of the original note, and their verdict should be for the defendant. With the concurrence of all the judges except SHERWOOD, C. J., not sitting, the judgment is reversed, and cause remanded.

REVERSED.