RICHARD D. RICE, vs. FULLER G. COOK.

SAME          vs.          SAME.

SAME          vs.          SAME.

Knox. Opinion December 29, 1880.

*Promissory notes. Joint promisor. Original promisor.*

A person who signs a note as "surety" is to be regarded as a joint promisor. If he sign his name on the back of the note, he is regarded as an original promisor.

ON AGREED statement of facts.

These are actions upon three promissory notes.

The following are copies of the notes:

"$1200.                                        February 5, 1879.

Six months after date, for value received, I promise to pay William R. Smith, or order, twelve hundred dollars at Augusta Savings Bank.

(Signed,)                    J. E. ROBINSON, Prin.

                             F. G. COOK,     Surety.

                (Indorsed.)
                    R. D. RICE.
        Without recourse,
            WM. R. SMITH."

"$350.                        Rockland, February, 20, 1879.

Six months after date I promise to pay to the order of Cashier Lime Rock National Bank, three hundred and fifty dollars, at Lime Rock National Bank. Value received.

(Signed,)                        J. E. ROBINSON.
                (Indorsed.)
            F. G. COOK.
            R. D. RICE.
            G. W. BERRY, Cashier of Lime

Rock National Bank, without recourse to debt or cost."

" $600.                            Rockland, May 9, 1879.

Six months after date I promise to pay to the order of Lime Rock National Bank, six hundred dollars at Lime Rock National Bank.   Value received.

(Signed,)                            J. E. ROBINSON.

(Indorsed.)

F. G. COOK.

R. D. RICE.

Without recourse,

G. W. BERRY, Cashier."

The $350 note was duly protested.

It was understood by all the parties to all of said notes, except the payees, that plaintiff signed the same as an indorser, and not as an original promisor, and with all the rights of an indorser legally implied from the papers, except as to said payees.

*Rice & Hall*, for the plaintiff, cited : *Coolidge* v. *Wiggin*, 62 Maine, 570 ; *McGregory* v. *McGregory*, 107 Mass. 543.

*T. P. Pierce*, for the defendant.

If the plaintiff volunteered to pay the several notes when there was no positive obligation on his part, he cannot hold the defendant.   1 Pars. Contr. 32, 33, and notes.

As to the $1200 and $600 notes, the case does not show any protest or that notice of any kind was given by the plaintiff to the defendant.   If an indorser wishes to render a preceding indorser liable, he must give him a notice within one day after he receives notice of the dishonor of the note.   *Carter* v. *Bradley*, 19 Maine, 62 ; *Crocker* v. *Getchell*, 23 Maine, 392.

APPLETON, C. J.   These actions are founded on three several notes.   The plaintiff is to be regarded in all as an indorser, and not as an original promisor.

The first note, dated February 5, 1879, is for twelve hundred dollars, on six months, payable to William R. Smith, and signed by J. E. Robinson, as principal, and the defendant, as surety.   It is payable at the Augusta Savings Bank, and is indorsed by the payee and the plaintiff by whom it was paid.

The defendant by signing this note as surety is to be regarded as a joint promisor with the principal and as such is liable. *Hughes* v. *Littlefield*, 18 Maine, 400.

2. There can be no question raised by the defendant as to the note of February 20, 1879, for $350, as, besides being an original promisor, the note was duly protested and notice given. Indeed, his liability seems not to be contested.

3. The third note, dated May 9, 1879, for $600 on six months, and payable to the order of the Lime Rock National Bank, at their bank, is signed by J. E. Robinson, and on the back is the name of the defendant. In such case he is to be held as an original promisor. *Woodman* v. *Boothby*, 66 Maine, 389. By the agreement of the parties the plaintiff is to be regarded only as an indorser and not as an original promisor.

The note not being paid at maturity was indorsed by the cashier of the Lime Rock Bank to the plaintiff, who is entitled to recover on the same, whether he took it up with or without protest. *McGregory* v. *McGregory*, 107 Mass. 543.

*Judgment for plaintiff in the three suits.*

WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.