[No. 13725.    Department One. — February 5, 1891.]

## THE SOUTHERN CALIFORNIA NATIONAL BANK OF LOS ANGELES, RESPONDENT, *v.* H. C. WYATT ET AL., DEFENDANTS, AND A. H. BUSCH, APPELLANT.

NEGOTIABLE PAPER — LIABILITY OF SURETY — NOTICE OF DEMAND AND NON-PAYMENT. — One who subscribes his name upon the face of a joint note as an accommodation maker, with the word "surety" appended to his signature, is liable under the code as a maker and not as an indorser of the note, and his liability does not depend upon due notice of demand and non-payment.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Graves, O'Melveny & Shankland,* for Appellant.

*Barclay, Wilson & Carpenter,* and *Gottschalk & Luckel,* for Respondent.

BELCHER, C.—This is an action upon a promissory note dated December 5, 1888, and payable ninety days after date. The instrument appears to be a joint note, signed by each of the defendants, with the word "surety" written after the name of defendant Busch.

The defendants, other than Busch, suffered default. He answered, and alleged that he signed the note neither as maker nor acceptor, and "that he wrote his name upon said negotiable instrument as a surety, without any consideration whatever, but solely for the accommodation of the makers of said instrument, and delivered it, with his name thereon, to co-defendant Mitchell, who delivered the same to the plaintiff, all of which facts were known to the plaintiff at the time of said delivery." He further alleged that no notice of the presentment and non-payment of the note was given to

him for more than ten days after its maturity, and that he never waived its presentment or notice of its dishonor.

The court below gave judgment against all of the defendants, and the defendant Busch appeals.

It is contended for the appellant— and this is the only point made — that as he wrote "surety" after his name, and was known by the payee to be a surety for the other makers, he became, in legal effect, an indorser and not a maker of the note, and was discharged from liability thereon, for the reason that no notice of its presentment and non-payment was given to him within the time prescribed by statute. This position is rested upon section 3108 of the Civil Code, which reads as follows: "One who writes his name upon a negotiable instrument, otherwise than as a maker or acceptor, and delivers it, with his name thereon, to another person, is called an indorser, and his act is called indorsement."

We do not think the judgment can be reversed on this ground. The next two sections of the code are as follows:—

"Sec. 3109. One who agrees to indorse a negotiable instrument is bound to write his signature upon the back of the instrument, if there is sufficient space thereon for that purpose.

"Sec. 3110. When there is not room for a signature upon the back of a negotiable instrument, a signature equivalent to an indorsement thereof may be made upon a paper annexed thereto."

In *Fessenden* v. *Summers*, 62 Cal. 484, cited by appellant, the note was indorsed in blank by the defendant Thompson, before delivery to the payee. The indorsement was for the purpose of adding credit to the note, and plaintiff made a loan upon the strength of the indorsement. The question was, whether Thompson was to be treated as an indorser or guarantor of the note. It was held that, under sections 3108 and 3117 of the

Civil Code, he was an indorser, and as such entitled to notice of non-payment.

That case is not in point, for the reason that here the appellant did not indorse the note, but signed his name to it in the place of a maker.

Since the decision of *Aud* v. *Magruder,* in 1858 (10 Cal. 282), where, as here, it appeared from an *addendum* to the name of one of the makers of the note in suit that he was a surety thereon, it has been uniformly held by the supreme court of this state that where one subscribes his name to a promissory note in the place of a maker, he will, as between himself and the payee, be treated as a maker, and held liable as such, though he was in fact only a surety for the other makers, and this was known to the payee when he received the note. (*Aud* v. *Magruder,* 10 Cal. 282; *Dane* v. *Corduan,* 24 Cal. 157; 85 Am. Dec. 53; *Damon* v. *Pardow,* 34 Cal. 278; *Chafoin* v. *Rich,* 77 Cal. 476.)

This rule has not been changed by the code, and the appellant was therefore not an indorser of the note, and his liability did not depend upon due notice of demand and non-payment.

We think the judgment should be affirmed, and so advise.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.