Argued 16 January; decided 3 February, 1902.

## RANDALL *v.* SIMMONS.

[67 Pac. 513.]

SHAM PLEADING.

1. To justify a court in striking out matter from a pleading as sham, under Section 75 of Hill's Ann. Laws, it must be evidently false or pleaded in bad faith: *Miser* v. *O'Shea*, 37 Or. 231, cited.

FRIVOLOUS PLEADING.

2. A frivolous pleading is one that self-evidently does not raise a cause of action or defense: *The Victorian*, 24 Or. 121, cited.

PLEADING—JOINDER OF INCONSISTENT DENIALS AND DEFENSES.

3. The holder of a note brought action on it alleging that it was unpaid, except that interest to a certain date had been paid (which amounted to $5). Part of the defendants denied "that no other payment has been made thereon than $5, and deny that there is any sum due from these defendants thereon," and alleged affirmatively that defendants were sureties, and had been relieved from liability by an unauthorized extension of time to the principal, who was the other defendant. *Held,* that the affirmative defense was not so inconsistent with the denial as to authorize the court to strike out the former, the denial that no payment in excess of $5 had been made being, in effect, an allegation of payment, which defendants could join with the affirmative defense, under Hill's Ann. Laws, § 73, authorizing defendant to join separate defenses.

PLEADING—INCONSISTENT DEFENSES.

4. The complaint in an action on a note alleged that it was jointly and severally executed for value by its makers, which was not directly denied by defendants, but they alleged the affirmative defense that plaintiff, knowing that defendants were sureties, relieved them from liability by an unauthorized extension of time to the principal. *Held,* that the tacit admission of the receipt for value for the execution of the note was not so inconsistent with the affirmative defense of suretyship as to authorize the court to strike out the latter.

INCONSISTENT DEFENSE—EFFECT OF EXTENDING NOTE.

5. A denial in the answer in an action on a note that there is any sum due on the note from defendants is not so inconsistent with an affirmative defense that the defendants are merely sureties, and have been relieved from liability by an unauthorized extension of time by the principal, as to authorize the

court to strike out the affirmative defense, as such denial is compatible with the affirmtive defense, because the alleged extension of time would discharge the defendants from all liability.

From Clackamas:  THOMAS A. McBRIDE, Judge.

Action on a note by W. G. Randall against Allen Simmons and others.  From a judgment in favor of the plaintiffs, the defendants C. H. Sarver and George A. Hamilton appeal.

REVERSED.

For appellants there was a brief over the name of *C. D. & D. C. Latourette,* with an oral argument by *Mr. C. D. Latourette.*

For respondent there was a brief over the name of *Hedges & Griffith,* with an oral argument by *Mr. Joseph E. Hedges.*

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover the sum of $100 on a promissory note, alleged to have been jointly and severally executed for value by the defendants April 28, 1893, to the plaintiff, payable six months thereafter, with interest at the rate of ten per cent per annum, upon which the interest had been paid to October 28, 1893.  The defendants C. H. Sarver and George A. Hamilton filed an amended answer as follows:  "Admit the execution and delivery of the note mentioned in the complaint, but deny that no other payment has been made thereon than $5, and deny that there is any sum due from these defendants thereon.  For a further answer and separate defense defendants allege that said note was given for a loan of money to Allen Simmons, who alone received the valuable consideration; that these defendants were merely sureties for said Allen Simmons, which fact was well known to plaintiff at the time of the delivery of said note; and that, notwithstanding said suretyship and such knowledge, the plaintiff, through his general agent, W. C. Johnson, for a valuable consideration, to wit, the sum of $2, by said Allen Simmons

paid to said plaintiff at the time of the maturity of said note,
without the knowledge or consent of these defendants the
sureties, or either of them, extended the time of payment of
said note from its maturity, October 28, 1893, six months, or
until April 28, 1894, thereby releasing these defendants from
all liability thereon.'' Plaintiff's motion to strike out the
further and separate defense on the grounds (1) that the same
was sham, (2) that it was frivolous, and (3) that it was incon-
sistent with the other parts of the answer, having been sus-
tained, and the defendants refusing to plead further, judg-
ment was rendered against them for the sum of $99.90, with
interest from October 28, and they appeal.

1. The statute provides that sham, frivolous, and irrelevant
answers and defenses may be stricken out on motion: Hill's
Ann. Laws, § 75. The allegations of new matter in the fur-
ther and separate answer are not false in fact, or pleaded in
bad faith, and hence such averments are not sham: *Foren* v.
*Dealey,* 4 Or. 92; *Miser* v. *O'Shea,* 37 Or. 231 (82 Am. St.
Rep. 751, 62 Pac. 491).

2. A frivolous answer is one in which the issues raised do not
exhibit any cause of defense, the insufficiency in this respect
being apparent from an inspection of the averments: *The
Victorian,* 24 Or. 121 (32 Pac. 1040, 41 Am. St. Rep. 838).
The averments of new matter stricken out by the court are
evidently material, disclosing an apparent defense, to over-
come which argument, at least, would be required to show that
the allegations were trifling; and when it is necessary to resort
to that method to discover such defect, the answer is not frivo-
lous: 20 Ency. Pl. & Pr. 18; *Cottrill* v. *Cramer,* 40 Wis. 555.

3. It remains to be seen whether the allegations of new mat-
ter in the answer are so inconsistent with the prior admissions
and denials therein as to render them subject to be stricken out
on motion. The editors of the Encyclopedia of Pleading and
Practice (vol. I, p. 856), in speaking of inconsistent defenses
say: ''Two prominent elements intended in the code system
of pleading are that falsehoods should not be put upon the
record, and that the pleadings should disclose the facts relied

on in support of or defense against the action." Tested by these important constituents, the allegations of new matter in the answer, if admitted to be true, do not necessarily establish the falsity of the admissions and denials put upon the record in the other part of the answer, nor do the averments of new matter fail to reveal the facts relied upon in defense to the action. The complaint alleges that the defendants, for value, jointly and severally executed the note sued upon; and this averment, not having been denied in the answer, is thereby admitted: Hill's Ann. Laws, § 94. It is also alleged in the complaint that the interest on the note for six months had been paid, and that there was then due thereon the sum of $100 and interest at ten per cent. per annum since October 28, 1893. It will be remembered that the answer denies that no other payment had been made on the note than $5, or that there is any sum due from these defendants thereon. The rate of interest specified in the note being ten per cent. per annum, the averment in the complaint that the interest thereon had been paid to October 28, 1893, or for six months from April 28, 1893, when the note was executed, is tantamount to an allegation that the sum of $5 only had been paid. The denial, however, that no other payment had been made on the note than $5 is a negative pregnant, equivalent to alleging the payment of any greater sum (*Scoville* v. *Barney,* 4 Or. 288), and this denial was probably so construed by the court, for it gave judgment for the sum of $99.90 and interest from October 28, 1893, instead of $100, as demanded, thus apparently conceding that the sum of $5.10 had been paid on account of interest. But, if no payment had been made on the note, the defendants, being authorized to set forth as many defenses as they had (Hill's Ann. Laws, § 73), could interpose the defense of payment, and hence their defective denial in relation thereto is not inconsistent with their allegations of new matter in the answer. The denial that there is any sum due from these defendants is the contradiction of a mere conclusion of law stated in the complaint; but such negation, instead of being inconsistent, is compatible with the allegations of new matter in the answer to the effect that no sum

is due on the note from the sureties, because the alleged extension of the time of payment granted by the plaintiff to their principal, without their consent, discharged them, as they contend, from all liability thereon.

4. The inconsistency, therefore, if it exist, must be found between the admission in the answer that the note was executed for value and the averment therein that Simmons alone received the consideration, and that Sarver and Hamilton were his sureties, which fact was well known to the plaintiff at the time of the delivery of said note. If the answer had denied that the note was executed for value, except as thereinafter alleged, and then set out in the separate answer the facts relied upon by the sureties to defeat a recovery, the pleading would probably have been freed from difficulty. A copy of the note sued on not having been set out, it is impossible to determine from an inspection of the complaint whether the relation of principal and sureties, as alleged in the answer to have existed between the defendants herein and Simmons, was expressed in the instrument or otherwise disclosed to the plaintiff by the makers at the time the note was executed. The answer having alleged, however, that at the time the note was delivered plaintiff knew that Simmons alone received the consideration, and that Sarver and Hamilton were sureties thereon, the source of plaintiff's knowledge becomes unimportant, and the averment is equivalent to a statement that the note was not executed for value received by the appellants: 2 Edwards, Bills & N. § 779. While the plaintiff may have known that the appellants were sureties, as alleged in the separate answer, such knowledge did not change their liability [*Southern Cal. Bank* v. *Wyatt,* 87 Cal. 616 (25 Pac. 918)], and they, as makers, were jointly liable on the note (*Humphreys* v. *Crane,* 5 Cal. 173; *Aud* v. *Magruder,* 10 Cal. 282; *Bond* v. *Storrs,* 13 Conn. *412; *Bank of Orleans* v. *Barry,* 1 Denio, 116; *Inkster* v. *Bank,* 30 Mich. 143; *Rice* v. *Cook,* 71 Me. 559). The sureties, being thus jointly liable, without any express contract to that effect, could not deny the allegation that they jointly executed the note; and it may be that the instrument was given in the first person

singular, as, "I promise" (2 Edwards, Bills & N. § 967), or, if in the first person plural, it was stipulated that the makers were severally liable, as, "We or either of us promise" (*Pogue v. Clark,* 25 Ill. 333), thus evidencing a several liability and preventing the sureties from denying the allegation in the complaint that they severally executed the instrument.

5. The only inconsistency to be found in the answer is the failure to deny the allegation of the complaint to the effect that the note was executed for value by the appellants, and it remains to be seen whether such defect was so palpable as to warrant the court in striking out the separate defense. The execution of the note having been admitted, the appellants occupied a dual relation. To the plaintiff they are principals, for, having signed the note as makers, they are each equally liable thereon to the payee [*California Nat. Bank* v. *Ginty,* 108 Cal. 148 (41 Pac. 38)], and such liability does not depend upon the question whether they received any part of the money for which the note was given [*Sprigg* v. *Bank,* 35 U S. (10 Pet.) 257], it being sufficient if their principal received the consideration [*Pulliam* v. *Withers,* 8 Dana, 98 (33 Am. Dec. 479)]. To the principal they are sureties only, if the averments of new matter in the answer be admitted as true, and, if compelled to pay the note, they would be subrogated to the rights of the payee; and, as they received no consideration for the liability they assumed by affixing their signature to the note, they could recover from the principal the sum of money that they would be obliged to pay, or, if the principal is insolvent, and one of the sureties was compelled to pay the debt, he could secure contribution from his cosurety. It is probable that the defendants, by failing to deny that the note was executed for value, adopted the theory that they were principals, in the primary sense, and as such liable to the plaintiff, but sought to avoid such liability by alleging in the separate answer the facts relied upon to defeat a recovery. If this be true, they could not well make such denial, because the money was received by one of the principals. In any event, however, as no apparent falsehood is put upon the record, we do not

think the inconsistency adverted to is so manifest as to warrant the court in striking out the allegations of new matter in the answer.

It follows from this conclusion that the judgment is reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.