NATHAN LEWENSTEIN *vs.* FANNY FORMAN & others.

SAME *vs.* HYMAN FORMAN.

Suffolk. January 21, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets. *Equity Pleading and Practice,* Amendment from equity to law, Costs. *Bills and Notes,* Whether joint or joint and several.

The interest under an insurance policy of one insured by a contract of fire insurance on a building in the Massachusetts standard form, after the destruction of the building by fire but before the insurance company has elected whether it will pay the loss or will rebuild the building, is property which can be reached and applied in a suit in equity under R. L. c. 159, § 3, cl. 7, in satisfaction of a debt of the insured.

The provisions of R. L. c. 173, § 52, empowering the Supreme Judicial Court or the Superior Court to allow amendments changing a suit in equity into an action at law or an action at law into a suit in equity "upon terms," do not require that, in granting such a motion, costs shall be imposed upon the moving party, but the imposition of costs still is left, under R. L. c. 203, § 14, and Equity Rules 12 and 21, within the discretion of the court and such an amendment may be allowed without costs.

Under R. L. c. 73, § 34, cl. 7, where a promissory note contains the words, "I [with the word 'We' written above it] promise to pay," and is signed by two persons, they are jointly and severally liable thereon.

The payee of a joint and several promissory note at the same time may pursue his remedy against one of the joint makers in equity and against the other at law.

CARROLL, J. The plaintiff brought a bill in equity against Fanny Forman, Hyman Forman and the Germania Fire Insurance Company. To this the defendants demurred and the demurrer was sustained; thereupon the plaintiff moved to strike out the paragraphs in the bill relating to Hyman Forman, and also moved to change the suit in equity against him into an action at law. These motions were allowed.* To this the defendants objected, contending that the note in suit was a joint note, that the makers thereof could not be severally sued, and that the amendments could not be allowed except upon the payment of terms. The defendants filed a bill of exceptions and also claimed an appeal. To the amended bill in equity against Fanny Forman, she demurred and also filed a plea in abatement, and, at the hearing on the appeal and demurrer, filed requests for rulings. The demurrer and plea were overruled and the requests were refused,† to all of which rulings of the court the defendant excepted. She also appealed. In the action at law against Hyman Forman, he filed a plea in abatement and made certain requests for rulings when the plea was heard. These requests were refused and the plea in abatement was overruled,† to which the defendant excepted. The judge,‡ being of opinion that the interlocutory decree and orders so affected the merits of the controversy that the matters ought to be finally determined, reported the case to this court.

1. The suit in equity is one to reach and apply the interest of Fanny Forman in a policy of fire insurance in the Massachusetts standard form on buildings owned by her, one of which was destroyed by fire. R. L. c. 159, § 3, cl. 7. The principal question in

---

* By *Morton*, J.          † By *Wait*, J.          ‡ *Wait*, J.

dispute is whether the defendant's interest in the policy can be held under the above statute, she contending that the insurance company has a right to elect either to pay the loss or to rebuild, and as it has not yet exercised this election, she has no "property, right, title or interest" which can be reached and applied in payment of the debt.

The statute gives a creditor the right to reach and apply any property of the debtor "which cannot be reached to be attached or taken on execution in an action at law, although" it "cannot be reached and applied until a future time."

The right and title which Mrs. Forman has in the policy of insurance is property within the meaning of the statute. In *Alexander* v. *McPeck*, 189 Mass. 34, the same question was raised as in this case as to the share of the debtor in a fund which was payable to him on the death of his mother, provided he survived her, and, if he did not, to his issue living at the time of her death, and, in default of issue then living, to his legal representatives also as to his interest in another fund, the income of which was payable to him for life and at his death, in default of issue, to his legal representatives, and it was held⋅ that notwithstanding the various contingencies, his right in the first fund, if he survived his mother, and if he did not so survive her, his right to have the fund administered as a part of his estate in default of issue and the interest which he had in the second fund, (entirely apart from his right to the income while he lived,) to have it paid over to his executors and administrators as a part of his estate, if he left no issue living, were property, and could be reached under the statute, in payment of his debts, and Hammond, J., in delivering the opinion of the court, reviewed the history of the statute, and said: "We are of opinion that the statute should be broadly construed and that if the value of either of these rights can be ascertained either by sale or appraisal, it is within the statute." See also *Clark* v. *Fay*, 205 Mass. 228, where the cases are reviewed and a "vested interest in a contingent" right is held to be within the statute, while a mere possibility is not. See also *Merrill* v. *Colonial Mutual Fire Ins. Co.* 169 Mass. 10; *Whiting* v. *Burkhardt*, 178 Mass. 535.

The Germania Insurance Company was not chargeable at law as the trustee of Mrs. Forman. It did not have in its possession money or property belonging to her absolutely and without any

contingency. *Godfrey* v. *Macomber*, 128 Mass. 188. The insurance company, therefore, having in its possession property of the female defendant which could not be attached at law, the fund can be reached in equity under R. L. c. 159, § 3, cl. 7.

2. The defendant contends that the amendment and motions in the original suit were improperly allowed, because terms were not imposed on the plaintiff. The court had undoubtedly the right to grant the motions and allow the amendment without requiring the payment of costs. Costs in ,equity are within the discretion of the court. R. L. c. 203, § 14. Equity Rules 12, 21.

3. Over an "I" in the note of the defendants to the plaintiff, is the word "We," so that the note reads: "On demand after date $\overset{We}{I}$ promise to pay," the defendant argues the note was a joint, and not a joint and several note, and the defendants must be joined. In a promissory note containing the words "I promise to pay," signed by two or more persons, they are deemed to be jointly and severally liable therefor. R. L. c. 73, § 34, cl. 7. The instrument is not only a promise jointly; it is the promise of each severally. It contains not only the words "I promise," but the words "We promise" as well. Where the agreement was, "we, or either of us, promise," it was held to be a joint and several obligation. *Monk* v. *Beal*, 2 Allen, 585. The words, "we, or either of us, promise," in a promissory note were held to create a joint and several promise. *Pogue* v. *Clark*, 25 Ill. 333. Separate proceedings, therefore, could be brought against each of the makers, and there was no error in the rulings of the court.

4. The plaintiff can pursue his remedy in equity against one defendant and in law against another. There is nothing in *Sandford* v. *Wright*, 164 Mass. 85, in conflict with what is herein stated.

We have considered all the exceptions on which the defendants now rely.

In the action at law the defendant's exceptions are overruled, in the suit in equity the interlocutory decrees are affirmed and the exceptions overruled.

*So ordered.*

The cases were submitted on briefs.
*N. Barnett,* for the defendants.
*S. Sigilman,* for the plaintiff.