*Western District*

No. 199295.

**VALLEY BANK AND TRUST COMPANY**

v.

**JEANNETTE ROY**

Argued: Mar. 18, 1969    Decided: Apr. 15, 1969

*Present*: Garvey, P.J., Moore, Allen, J.J.

Case tried to *Sloan, J.* in the District Court of Springfield    No. 199295.

*Allen, J.* This is an action of contract to recover the balance due on a promissory note signed by one Gaston P. Roy as "Borrower" and the defendant as "comaker." The defendant filed an answer in abatement alleging nonjoinder of a necessary party defendant, Gaston P. Roy. Not waiving the answer in abatement the defendant also filed an answer containing a general denial, denial of the signature and

demand for proof thereof. After a hearing, the trial judge overruled the answer in abatement and the defendant duly claimed a report. At a subsequent hearing the judge allowed plaintiff's motion for judgment based on an affidavit of no defense.

There was no error. The note stated "the undersigned *jointly* and *severally* . . . . . promise to pay to the order of Valley Bank and Trust Company . . ." At the bottom of the note was the following:

SIGNATURES (Write in full)

ADDRESSES: (Give complete address)

(1) Borrower: Gaston P. Roy

1450 Bolton Road

(2) Comaker

(Wife or Husband of Borrower;)

. . . . . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . .

(3)  Co-maker:

Jeannette Richard*  97 Holly Street, IOM

Although the word "borrower" appears opposite the name Gaston P. Roy he is in fact the maker and the defendant, as set forth, is co-maker.

"Unless the instrument otherwise specifies two or more persons who sign as maker . . . and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as "I promise to pay." G.L. c. 106, § 3-118(e). In this case the note

---

* She is now Jeannette Roy.

specifically provides that they ''jointly and severally promise.''

''In a promissory note containing the words 'I promise to pay' signed by two or more persons, they are deemed to be jointly and severally liable therefor. Separate proceedings, therefore, could be brought· against each of the makers.'' ''The plaintiff can pursue his remedy in equity against one defendant and in law against another.'' *Lewenstein* v. *Forman,* 223 Mass. 325, 328. 12 Am. Jur. 2d, ''Bills and Notes'' § 1092.

**Report is to be dismissed.**

GERALD R. HEGARTY
  for the plaintiff.
JOHN T. QUIRK, JR.
  for the defendant.