## UNITED STATES v. AHO et al.

### SAME v. FLOREA et al.

### SAME v. STARR et al.
### Nos. 1337, 1421, 1650.

District Court, D. Oregon.
Aug. 2, 1943.

138

Bernard H. Ramsey, James Leavy, and Bert C. Boylan, Sp. Assts. to the Atty., all of Portland, Or., for plaintiff.

Russell E. Sewall, Sewall & Sewall, and C. W. Pecore, all of Portland, Or., for defendant Beaver Drainage Dist.

William C. McCulloch, of Portland, Or., for defendant Multnomah County Drainage Dist. No. 1.

John F. Logan, of Portland, Or., for Ivy G. Starr.

JAMES ALGER FEE, District Judge.

These three actions were brought by the United States to appropriate three different parcels of land. The opinion will deal with all, since, in each, similar problems are presented. In each, the United States has filed a "Petition for Condemnation". In each case, an answer has been filed by a Drainage District, which was joined in the petition as a defendant in the proceeding. Each of the answers alleges that the particular parcel sought to be acquired is within the boundaries of the answering district, which seeks to be compensated because it can no longer levy assessments upon this parcel after the acquisition, or seeks a decree permitting the collection of future assessments from the government. In each instance, the United States has filed a motion to strike out the answer.

The questions sought to be raised are extremely important. It is vitally necessary that the technicalities be meticulously observed, in order that the rulings of the court may be clear-cut.

By common consent all parties in such actions for condemnation by the government disregard the fundamental rules of pleading established in Oregon and which must be followed by virtue of the Conformity Act.[1] Under the Code of Civil Procedure of the state of which the governing sections are part, appropriation of lands is effectuated by maintenance of an action[2] against the "person in the actual possession of the land at the time; or if the property be not in the actual possession of anyone, then against the person acting as the owner thereof[3]". The action is commenced by filing of a "complaint[4]", and follows the usual course of "action at law", with certain specific exceptions[5]. In the answer, defendant "may set forth any legal defense he may have to the appropriation of such lands or any portion thereof, and may also allege the true value of the lands and the damage resulting from the appropriation thereof[6]". The answer should contain, where the situation warrants, "A statement of any new matter constituting a defense * * * in ordinary and concise language, without repetition[7]". Mo-

[1] 40 U.S.C.A. § 258. The Federal Rules of Civil Procedure expressly exclude condemnation proceedings from their scope. Rule 81(a), subsection (7), 28 U.S.C.A. following section 723c.

[2] See 2 Oregon Compiled Laws Annotated (1940) § 12-402. Condemnation by the state is provided for in 2 Oregon Compiled Laws Annotated § 12-302, which assimilates 2 Oregon Compiled Laws Annotated §§ 12-401 to 12-412, here particularly noted. These latter sections apply when the United States seeks to appropriate private lands. United States v. Oregon Railroad & Navigation Co., C.C., 16 F. 524, 9 Sawy. 61.

[3] 2 Oregon Compiled Laws Annotated § 12-403.

[4] 2 Oregon Compiled Laws Annotated § 12-404.

[5] 2 Oregon Compiled Laws Annotated § 12-402.

[6] 2 Oregon Compiled Laws Annotated § 12-406.

[7] 1 Oregon Compiled Laws Annotated § 1-711.

tions to strike parts of an answer are permitted, where matter which is "irrelevant or redundant" is included[8], and "sham, frivolous and irrelevant answers and defenses" may be stricken[9]. Plaintiff may demur to new matter, which does not constitute a defense[10].

In order that the litigation follow proper lines, these provisions must be strictly observed. The "complaint", which by syncretism with some alien system of pleading is called a "petition", in none of these cases sets out a description of the "right" or "easement[11]", if any, which the United States seeks to take from the respective drainage districts. In fact, close search indicates no direct allegation as to the reason for joining the districts in the respective actions.

No one of the answers in the respective actions sets up facts whereby the court can conclude whether the United States is appropriating any lands, rights or easements of the defendant district, nor indicates whether the matters were set up as a "defense" to appropriation or as material showing "damage" as a result of the taking.

Finally, a motion to strike has been filed in the Florea case against the answer "on the ground and for the reason that the allegations of said answer are irrelevant and immaterial and do not raise any material issue in this cause". There is no such motion directed against an answer as a whole known to the Oregon Code of Civil Procedure, nor authorized thereunder.

In the Aho case, a motion to strike the whole amended answer is filed upon the ground that it is "incompetent, irrelevant, sham and frivolous". The answer contains admissions and, therefore, could not be stricken out as a whole.

The situation in the Ivy Starr case is comparable to the Aho case.

The apparent purpose of these motions is to test the legal sufficiency of the new matter set up. But in Oregon in matters governed by the Code of Civil Procedure, the decisions of the Supreme Court of the state must be followed, even though it is considered liberal at present to disregard them. Chief Justice Lord, reversing a lower court for striking portions of an answer as sham and frivolous, irrelevant and immaterial, says: "There can be no doubt that the object of a motion to strike out is not to perform the office of a demurrer. There are many decisions to the effect that an answer may be insufficient in form or substance without being frivolous. To be frivolous it must appear so incontrovertibly from the mere reading or bare statement. If an argument is required to show that the pleading is bad, it is not frivolous". The Victorian, 24 Or. 121, 136, 137, 32 P. 1040, 1044, 41 Am.St.Rep. 838.[12]

A counterclaim, of course, may be stricken from an answer in a condemnation case[13], as this court has often ruled. The court cannot sustain the motions, therefore, because there are serious questions of law which have been briefed. Therefore, each is overruled.

The next step would probably be to file a demurrer. The court has given serious consideration, however, to the questions which were argued and briefed. In the interests of economy and time, the court will take the responsbility of suggesting method by which such questions may be raised.

The government indicates in the "petition" that the acquisition of fee simple title of the land from the private citizen, who is in possession claiming to be owner, is demanded in the action. The drainage district in each respective case is joined as a defendant on the theory that it has some interest. But it was intimated that there were no assessments due at the time of the taking and that the districts had no title to the land or any part thereof. It is the theory of the United States that the levy of assessment in the future is the exercise of the power of taxation[14]. · But

---

[8] 1 Oregon Compiled Laws Annotated § 1-903.

[9] 1 Oregon Compiled Laws Annotated § 1-714.

[10] 1 Oregon Compiled Laws Annotated § 1-716.

[11] See 2 Oregon Compiled Laws Annotated § 12-404.

[12] See, also, Witherell v. Wiberg, Fed. Cas.No.17,917, 4 Sawy. 232; Miser v.

O'Shea, 37 Or. 231, 62 P. 491, 82 Am. St.Rep. 751; Pacific Mill Co. v. Inman, Poulsen & Co., 50 Or. 22, 90 P. 1099; Randall v. Simmons, 40 Or. 554, 67 P. 513.

[13] State ex rel. Kendall v. Mohler, 115 Or. 562, 576, 237 P. 690, 239 P. 193.

[14] Mullen Benevolent Corp. v. United States, 290 U.S. 89, 54 S.Ct. 38, 78 L. Ed. 192; Brown v. Silverton, 97 Or. 441,

if this theory is valid, the drainage district is a proper party in no one of the cases. If a property, which is subject of condemnation, was created by the inclusion of the property within the limits of the district, it was extralateral to the fee simple title. Such interests do exist and are subject to condemnation, as is shown by the cases relating to highways, where the fee simple title to the roadbed is in the abutting owners[15].

If lands are removed from an irrigation district, the statute sets out an equitable method of apportioning obligations. 8 Oregon Compiled Laws Annotated § 125-404. Central Pacific Company v. Ager, 144 Or. 527, 25 P.2d 927. It is probable that between private parties, as to lands included in a drainage district, the courts would require some such adjustment. Here a heavier burden is thrown on the district and the included lands. But the service of draining the lands must, of necessity, continue.

It is clear enough that if the drainage districts have a right, a conveyance or lien upon the fee simple title does not affect that right. It is common knowledge that the conveyance of fee simple title to land within a drainage district does not affect the right of assessment. A mortgage given to the State Land Board to secure repayment of funds of the irreducible school fund is inferior to bonds of an irrigation district of a prior issue and sums levied and assessed for the annual service of such bonds and maintenance. State Land Board v. Davidson, 147 Or. 504, 34 P.2d 608. The fact of sovereignty is not permitted to relieve the entity of obligations of this type as proprietor in a drainage district. It is provided that " * * * lands belonging to the state of Oregon or to such municipality shall be subject to the same burdens and liabilities and entitled to the same benefits as lands in said district belonging to private individuals." 8 Oregon Compiled Laws Annotated § 123-105.

The service in a drainage district in drawing off water from the project as a whole must continue from the nature of the situation. It may be that the method of computing the reasonable value of the land should be an appraisal of the land relieved of the payments of assessments, if the government desires to take them in that condition. It is obvious this would be a higher value than the fee simple title. The difference would obviously belong to the district. But the court cannot discover from the complaint what right the government desires to take. Therefore, the complaint probably does not conform to 2 Oregon Compiled Laws Annotated § 12-404, in that it does not describe the right to be appropriated with convenient certainty. It is possible, however, that the question cannot be raised in this proceeding. See Pacific Live Stock Co. v. Warm Springs Irrigation District, 9 Cir., 270 F. 555. In any event, the pleader should make the court and the opposing parties certain as to which course is being pursued.

If reference be had to the answers, a similar uncertainty is present. It cannot be discovered whether the answer sets out a defense or a claim for damages because of the appropriation. A defense would prevent condemnation of the rights. A claim for damages would simply be for presentation to a jury. The court, obviously, by decree in this proceeding could not subject the lands to a right of assessment. If the district have the right, it would still have it after judgment, unless it were taken by condemnation.

The statute makes an obvious difference between "maintenance" and "service of bonds" and other expenses. The facts which lie at the basis of such distinctions are nowhere set up in the answers. It is possible a different rule might be applied to each.

There are no allegations relating to the particular parcel of land showing what amount of benefits, if any, were assessed against it.

The court should go no further in outlining the appropriate course of the pleading. Suffice it to say, the problem should be clearly envisaged by each party and appropriate pleadings under the Oregon Code drawn before the court is required to rule on a question of this magnitude.

Appropriate orders will enter.

---

190 P. 971; Beezley v. City of Astoria, 126 Or. 177, 269 P. 216, 60 A.L.R. 504.

15 See Wayne County, Kentucky, v. United States, 53 Ct.Cl. 417. Town of Bedford v. United States, 1 Cir., 23 F.2d 453, 56 A.L.R. 360; United States v. Wheeler Township, 8 Cir., 66 F.2d 977; United States v. Certain Parcels of Land in City of Baltimore, D.C., 43 F.Supp. 687.