Argued May 10, affirmed July 24, 1968

.SKOURTES ET AL, *Respondents, v.* CITY OF
TIGARD, *Appellant.*

444 P. 2d 22

*Frederick A. Anderson,* Tigard, argued the cause and submitted briefs for appellant.

*R. W. Nahstoll,* Portland, argued the cause for respondents. With him on the brief were Jonathan A. Ater and Krause, Lindsay & Nahstoll, Portland.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and RODMAN,[*] Justices.

O'CONNELL, J.

Plaintiffs seek a decree declaring void a purported annexation by the City of Tigard. Defendant city appeals from a decree in favor of plaintiffs.

The trial court held that the annexation proceedings were invalid for failure to comply with ORS 222.170 under which the purported annexation proceedings were brought.

The pertinent part of ORS 222.170 provides as follows:

"(1) The legislative body of the city need not call or hold an election in any contiguous territory proposed to be annexed, or post notice in the contiguous territory, if at least two-thirds of the landowners who also own at least two-thirds of the land in the contiguous territory and of real property therein representing at least two-thirds of the assessed value of all real property in the contiguous territory consent in writing to the annexation

---

[*] Rodman, J., did not participate in this decision.

· and file a statement of their consent with the legislative body on or before the day:

"(a) The public hearing is held under ORS 222.120 if the city legislative body dispenses with submitting the question to the registered voters of the city; or

"(b) The city legislative body takes the necessary action to call the annexation election in the city under ORS 222.130 if the city legislative body submits the question to the registered voters of the city."[1]

The "consent in writing to the annexation" prescribed in the statute was sought through the circulation of a petition which recited that "The undersigned owners of certain real property situated in Washington County, Oregon, herewith petition the City of Tigard to annex their respective properties as hereunder in-

---

[1] ORS 222.170 continues with the following provisions:

"(2) If the city legislative body has not dispensed with submitting the question to the registered voters of the city and a majority of the votes cast on the proposition within the city are in favor of annexation, or if the city legislative body has previously dispensed with submitting the question to the registered voters of the city as provided in ORS 222.120, the legislative body shall, by a proper order, resolution or ordinance which shall make an official city record, proclaim such annexation, and cause the recorder of the city, or other officer performing the duties of recorder, to make and submit to the Secretary of State:

"(a) A copy of the order, resolution or ordinance,

"(b) An abstract of the vote within the city if votes were cast therein which shall show the whole number of registered voters voting therein on the annexation, the number of votes cast therein for annexation and the number of votes cast against annexation,

"(c) A copy of the statement of consent of landowners in the territory annexed,

"(d) A copy of the ordinance of the city declaring that no election is required in the city, and

"(e) An abstract of the vote. upon the referendum if a referendum petition was filed with respect to such referred ordinance." ..

dicated, to said City, forthwith." The petition did not contain a description of a specific area proposed to be annexed; the promoter of the annexation simply obtained signatures and rearranged the boundaries of the proposed annexation "as the mathematics would work out" to satisfy the triple two-thirds requirements of ORS 222.170 for the number of landowners, the area of land and the assessed valuation within the territory to be annexed.

The boundaries of the area as finally drawn encompassed a number of parcels of land whose owners did not sign the petition. Plaintiffs are non-consenting owners in the area finally described.

The trial court held that ORS 222.170 is to be read as requiring the consent of the owners "in accordance with a previously determined proposal" marking out the boundaries of the area to be annexed.

■ Although the statute does not explicitly require the submission of an annexation plan to the landowners in the contiguous area before obtaining their consent, we think that the requirement can be found in the statute by implication.

ORS 222.170 was enacted to provide an additional method of annexation as an alternative to the procedure by which a proposal for annexation is submitted to the registered voters of the territory proposed for annexation. Under that procedure the boundaries of the territory proposed for annexation must be described before the electors in the territory vote on the proposal.

It is reasonable to infer that the legislature intended that the alternative procedure under ORS 222.170 would also include a disclosure of the boundaries of the territory proposed to be annexed.

There are good reasons for requiring such a disclosure. When the landowner whose consent is sought does not know what territory is to be included in the proposed annexation he has no way of making a fully informed judgment as to the consequences of granting his consent. The inclusion or exclusion in the proposed annexation of other land in the area could seriously affect the interest of those whose consent is sought. Thus the inclusion or exclusion of an industrial plant could make a substantial difference in the tax base of the annexed territory. Other differences such as those relating to zoning, safety, health and the availability and cost of public utility services could turn on the character of the land finally embraced in the territory to be annexed. We assume that the legislature intended to give to the landowners whose consent is sought the opportunity to consider these various factors in deciding whether to approve the proposal for annexation.

■ The consent of the landowners not having been obtained in compliance with the statute, the proposed annexation is invalid.

The annexation procedure adopted in this case was erroneous in still another respect. The proponents of the annexation proceeded upon the assumption that the term "landowners" in ORS 222.170 refers to the ownership of tracts of land as individually identified on the assessment rolls, each tax lot constituting a unit of ownership. Thus if one person owned ten separate tax lots, the count would be made as if he were ten separate landowners. Defendant states its position as follows: "Consent or non-consent cannot be tabulated on a per capita headcount of persons who own land but must be on an assessable tract-ownership basis collectively counting as one '*the* legal owner of

record' or '*the* record purchaser' [language taken from ORS 222.120 (4) defining "owner" and "landowner"] regardless of the number of persons having undivided holdings or interests."

■ We do not so interpret the statute. A landowner owning land in the territory to be annexed is to be counted only once irrespective of the number of tax lots he owns in that territory.

■ A question may arise as to how the term "landowner" is to be interpreted where there is a multiple ownership in the same parcel of land as, for example, in the case of a tenancy in common, joint tenancy or tenancy by the entirety. In that situation if all consent their concurrence will be regarded as a single consent. If one or more of the multiple owners of a parcel do not consent and the other owners of the parcel do consent, none of the owners are counted as consenting. In other words, multiple ownership is treated as a unit in counting the owners' consent.

Other problems as to the meaning of the term "landowner" under ORS 222.170 may arise but we think that they can be solved in the same manner as similar problems of definition have been solved under other statutes where it is found necessary to define land ownership.[2]

The decree of the trial court is affirmed.

---

[2] See for example, Lantz v. Caraway, 180 Ind 484, 103 NE 335 (1913) (remainderman treated as landowner); Chan v. City of South Omaha, 85 Neb 434, 123 NW 464 (1909) (administrator of estate and corporation owning property treated as landowners); City of Corpus Christi v. Cartwright, 288 SW2d 836 (Tex Civ App 1956) (owner of mineral estate considered as landowner in water control petition requiring a majority).