Argued September 27, affirmed November 22, 1976, reconsideration denied January 5, petition for review denied February 1, 1977

BROOKS et al, *Appellants,*

*v.*

SMITH et al, *Respondents.*

(No. 405-947, CA 5674)

556 P2d 696

*Bruce C. Cleeton,* Portland, argued the cause and filed the briefs for appellants.

No appearance for respondents John H. Smith III and Nancy S. Smith, The State of Oregon, or Portland Metropolitan Area Local Government Boundary Commission.

*Robert L. Hurtig,* Chief Deputy City Attorney, Portland, argued the cause for respondent City of Portland. With him on the brief was John W. Osburn, City Attorney, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

This is an appeal from a declaratory judgment action brought by plaintiffs, a landowner and his lessee, to determine the validity of the annexation of certain property to the city of Portland. Plaintiffs appeal from a judgment in favor of the validity of the annexation.

On July 30, 1973, defendants John and Nancy Smith petitioned the City Council of the City of Portland for annexation of their property totaling 20.85 acres. The petition was transmitted to the Portland Metropolitan Area Local Government Boundary Commission for consideration. In October 1973 the Boundary Commission posted and published notices of a public hearing on the proposed annexation of the Smith property pursuant to ORS 199.461 and 199.463.

On November 14, 1973, a hearing was held, at which plaintiff Burton M. Brooks, owner of a one-acre tract which adjoins the Smiths' property, appeared and spoke in opposition to the annexation. The proposed annexation was approved and a final order of the Boundary Commission was issued on November 14, 1973. In that order the Commission also included plaintiff Brooks' adjoining one-acre tract, thus annexing it to the city.

No writ of review was brought by plaintiffs from that order as authorized by ORS 199.461(3). On August 6, 1974, eight and one-half months after the final order was issued, plaintiffs brought this declaratory judgment action to determine the validity of the annexation. Among the issues raised by defendants' pleadings was the statute of limitations.

ORS 199.461 sets forth the powers of the Boundary Commission to make minor boundary changes and the rights of interested persons to seek judicial review of a boundary change. It provides:

> "(1) When the boundary commission receives a petition in a boundary change proceeding, it shall:

[ 443 ]

"(a) Cause a study to be made of the proposal offered by the petition.

"(b) Conduct one or more public hearings on the proposal.

"(2) *After the study and hearings, the boundary commission may alter the boundaries set out in a petition* for formation or *a minor boundary change of a city* or district or in a petition for consolidation of cities *so as either to include or exclude territory. If the commission determines· that any land has been improperly omitted from the proposal and that the owner of the land has not appeared at the hearing, in person* or by his representative designated in writing, the commission shall continue the hearing on the petition and shall order notice given to the nonappearing owner requiring him to appear before the commission and show cause, if any, why his land should not be included in the proposal. Notice to nonappearing owners may be given by personal service or by letter sent by first-class mail, at least 10 days prior to the date to which the hearing has been continued. The required notice may be waived by the nonappearing owner.

"(3) *On the basis of the study and after hearing, the boundary commission shall approve the proposed boundary change as presented or as modified by the commission* or disapprove the proposed change, by an order stating the reasons for the decision of the commission. *Any person interested in a boundary change may, within 30 days after the date of a final order, appeal the order for review under ORS 34.010 to 34.100.*

"* * * * *." (Emphasis supplied.)

In *Peterson v. Portland Met. Bdry. Com.,* 21 Or App 420, 535 P2d 577 (1975), we discussed at length statutes governing minor boundary change annexations. We note that here, unlike in *Peterson,* the requirements of the triple majority statute, ORS 222.170, were met.

The essence of the plaintiffs' argument is that ORS 199.461(3) provides merely one possible mode of review from an annexation order, and that a declaratory judgment action provides an alternative remedy with a different statute of limitations.

The defendants contend that ORS 199.461(3) provides the exclusive mode of reviewing a boundary commission annexation order and that its 30-day statute of limitations had run, thus barring this complaint.

In *Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976), the Oregon Supreme Court considered a closely analogous issue and said:

"* * * [T]he general rule [is] that when declaratory relief is sought as an alternative to other appropriate and otherwise available relief, the relevant limitations period for the declaratory judgment suit should be based on that of the underlying grounds for relief. *See, e.g., McGuire v. Hibernia Savings & Loan Soc.,* 23 Cal 2d 719, 146 P2d 673, 151 ALR 1062 (1944); *Goldman v. Planning Board of Burlington,* 347 Mass 320, 197 NE2d 789 (1964); *Finlayson v. West Bloomfield Tp.,* 320 Mich 350, 31 NW2d 20 (1948); *Taylor v. Lovelace Clinic,* 78 NM 460, 432 P2d 816 (1967).

"Applying that rule to this case, we find that the underlying basis for relief is the writ of review procedure which has been codified in ORS 34.010 *et seq.* This is now the normal vehicle for obtaining judicial review of the judicial and quasi-judicial actions of local governments. *See* ORS 34.040. *See also* ORS 203.200, 215.422(4), 227.180(2). Therefore, even if a declaratory judgment proceeding is an appropriate alternative means of securing judicial review in a particular case, we believe that the period of limitations for such a suit must coincide with the 60-day statutory period provided for writs of review." 275 Or at 623.

Assuming, without deciding, that the plaintiffs are correct in their contention that a declaratory judgment action is available to them to test the validity of the annexation, we must first inquire whether the legislature intended that the 30-day statute of limitations specified by ORS 199.461(3) would apply to that action as well as to a writ of review proceeding.

ORS 34.030 sets a 60-day statute of limitations upon writs of review. Here the legislature clearly specified that a shorter period, 30 days, would govern

in writs of review sought from final orders of local boundary commissions on annexations. ORS 199.461(3).

We have held in *Petersen v. Klamath Falls,* 27 Or App 225, 555 P2d 801 (1976), that "annexation itself is not an action affecting land use." However, the reasoning of the court in *Brooks v. Dierker,* supra, as to the applicable statute of limitations, were a declaratory judgment to be allowed, in our view applies equally to annexation cases. Such a construction is clearly indicated by ORS 199.461(3), which expressly provides for reviewing boundary commission orders by writ of review, and requires its filing within 30 days of the order of annexation.

Here, plaintiff Brooks was at the public hearing held by the Commission, and was heard in opposition to the proposed annexation. This evidences that as of the date of the final order he was aware that he was indeed a "person interested in a boundary change." ORS 199.461(3).[1]

We hold that the statute of limitations applicable to review of a minor boundary change order, whether by declaratory judgment or writ of review of the Boundary Commission's final order, is 30 days. ORS 199.461(3).

It follows that the plaintiffs' complaint for the reasons stated should have been dismissed and that plaintiffs' property is now a part of the City of Portland. Accordingly we do not reach defendants' other contentions.

Affirmed.

---

[1] We note too that the circuit court found "[b]ased upon the record in this case, including the testimony of Brooks," that Brooks was aware at the time he appeared and was heard in opposition that his property was included in the proposed annexation.