CHARLES A. DIGNEY & others, trustees, vs. FRED F. BLANCHARD & another.

Suffolk.   November 13, 1917. — January 9, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply property not attachable at law. *Equity Pleading and Practice,* Demurrer, Appeal.

A claim, arising from a decree, which was made in a suit in equity brought by trustees of a building trust and a receiver of the property of the trust appointed by a court of equity against a former trustee of the trust and which directed the defendant to pay to the plaintiffs a certain amount of money that represented losses sustained by the trust through breaches of trust by the defendant, is a "debt" within R. L. c. 159, § 3, cl. 7, as amended by Sts. 1902, c. 544, § 23; 1910, c. 531, § 2, giving jurisdiction in equity of suits to reach and apply in payment of a "debt, any property, right, title or interest, legal or equitable, of a debtor, . . . which cannot be reached to be attached or taken on execution in an action at law."

It here was *pointed out* that a claim for unliquidated damages arising from a breach of a contract cannot be reached to be attached or taken on execution in an action at law against the plaintiff by one of his creditors.

A right of such a debtor to damages, arising from a breach of a contract by a bank to lend to him a certain amount of money upon his note secured by a mortgage upon certain land when he should secure title to the land, is a property right within the provisions of the above statute, although an action is pending by the debtor against the bank for the enforcement of the right and the damages are unliquidated.

Where, in a suit in equity, under R. L. c. 159, § 3, cl. 7, as amended by Sts. 1902, c. 544, § 23; 1910, c. 531, § 2, to reach and apply, in payment of a debt, a claim of the debtor to damages for a breach of a contract, which the debtor is seeking to enforce by an action at law, the bill alleges facts which, if proved, will establish such breach of contract and the defendant demurs, the truth of the facts so alleged are admitted by the demurrer and it is not open to the defendant to contend that the defendant in the action at law by the debtor contests liability and that his liability is not established.

It is immaterial to the maintenance of such a suit that the value of the claim of the debtor which the plaintiff seeks to reach and apply to the payment of his debt is uncertain, since it is of a nature that can be ascertained "by sale, appraisal or by . . . means within the ordinary procedure of the court."

An appeal from an interlocutory decree granting an injunction in a suit in equity cannot be brought before this court before final decree upon a report which relates only to the correctness of an interlocutory decree overruling a demurrer to the bill; and it therefore must be dismissed.

BILL IN EQUITY, filed in the Superior Court on May 11, 1917, and afterwards amended, by the trustees of the Associated Trust and the receiver of the Associated Trust appointed under a decree of the District Court of the United States for the District of Massachusetts against Fred F. Blanchard and the Fidelity Trust Company, seeking to reach and apply, in satisfaction of a debt alleged to be owed to the plaintiffs by the defendant Blanchard, a claim of Blanchard against the Fidelity Trust Company described in the opinion.

The material allegations of the bill as amended are described in the opinion.

An interlocutory decree was entered by order of *Fox,* J., granting an injunction to keep matters *in statu quo* pending final determination of the suit. From this interlocutory decree the defendant filed an appeal.

Later the defendant Blanchard demurred, as described in the opinion. The demurrer was heard by *Fox,* J., and was overruled; and the judge reported the case to this court for determination of the correctness of the order overruling the demurrer, with the provision that, if the order was correct, the defendant Blanchard should answer over, and, if the demurrer should be sustained, the bill was to be dismissed.

R. L. c. 159, § 3, cl. 7, as amended by Sts. 1902, c. 544, § 23; 1910, c. 531, § 2, reads as follows: "The Supreme Judicial Court and the Superior Court shall have original concurrent jurisdiction in equity of the following cases: . . . Suits by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within or without this Commonwealth, which cannot be reached to be attached or taken on execution in an action at law, although the amount of the debt is less than one hundred dollars or the property sought to be reached and applied is in the hands, possession or control of the debtor independently of any other person or cannot be reached and applied until a future time or is of uncertain value, if the value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court. In such suit, the interest of the defendant in partnership property may be reached and applied in payment of the plaintiff's debt; but unless it is a judgment debt, the business of the partnership shall not be enjoined or otherwise interrupted further than to restrain the withdrawal of

any portion of the debtor's share or interest therein until the plaintiff's debt is established; and if either partner gives to the plaintiff a sufficient bond with sureties approved by the clerk, conditioned to pay to the plaintiff the amount of his debt and costs within thirty days after it is established, the court shall proceed no further therein than to establish the debt; and upon the filing of such bond, any injunction previously issued in such suit shall be dissolved. Also suits to reach and apply shares or interests in corporations organized under the laws of this Commonwealth or of the United States, and located or having a general office in this Commonwealth, whether the plaintiff is a creditor or not, and whether the suit is founded upon a debt or not."

*W. R. Bigelow,* for the defendant Blanchard.

*J. Noble,* for the plaintiffs.

CROSBY, J. This is a bill in equity brought under R. L. c. 159, § 3, cl. 7, to reach and apply in payment of a debt due the plaintiffs from the defendant Blanchard, a right of action of Blanchard against the Fidelity Trust Company, the other defendant named in the bill. The defendant Blanchard demurred to the bill and assigned as causes of demurrer: because the plaintiffs have a plain and adequate remedy at law; because the bill as amended does not state a case which entitles the plaintiffs to relief in equity against him; because the court has no jurisdiction in equity; and because the claim set forth in paragraph two of the bill as amended is not such a claim as is comprised within the terms of cl. 7 of § 3 of c. 159 of the act. The presiding judge in the Superior Court overruled the demurrer, ordered an interlocutory injunction to issue as prayed for, and reported the case to this court.

The bill alleges that, in a suit in equity brought by the plaintiffs against Blanchard to recover the loss resulting from certain breaches of trust while acting as trustee for the Associated Trust, this court on May 10, 1917, entered a final decree charging the defendant with liability and ordering him to pay forthwith to John Noble as receiver of the Associated Trust the sum of $4,571.21 with interest and costs of suit. The bill as amended alleges that the defendant has not paid the plaintiffs this sum or any part thereof.

It is plain that Blanchard's liability to the plaintiffs as established by the decree, is a "debt" within the meaning of the statute. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118.

The right which the plaintiffs seek to reach and apply is fully set forth in the second paragraph of the bill. In substance, it alleges that Blanchard has brought an action of contract against the Fidelity Trust Company to recover unliquidated damages from alleged breach of contract by the company, estimated in the sum of $60,000; that the claim arises by reason of the agreement of the company to lend to Blanchard $93,500, to be secured by a first mortgage upon certain real estate which Blanchard had an option from the owner to purchase; that the loan was to be made by the company to Blanchard when title thereto was so acquired by him; that Blanchard made demand upon the company for the amount agreed to be loaned, and offered to it a sufficient first mortgage upon the property; that the company finally refused to make the loan, and for this reason Blanchard was prevented from making the purchase and thereby lost substantial profits which would have accrued to him from the purchase; and also, that he spent much time and money in connection with the undertaking "for all of which, by reason of said breach of contract by the Fidelity Trust Company, he obtained no return, and suffered other and further damages."

It is plain that the right to recover unliquidated damages against the Fidelity Trust Company, vested in Blanchard, is a right which cannot be reached to be attached or taken on execution in an action at law. *Wilde* v. *Mahaney,* 183 Mass. 455, 459, 460. *Thayer* v. *Southwick,* 8 Gray, 229.

It remains to determine whether the right which the plaintiffs seek to reach is included in the phrase of the statute "any property, right, title or interest." It must be assumed that Blanchard has a valid claim against the Fidelity Trust Company even if the amount is uncertain. Such is the allegation of the bill, and the truth of the facts therein stated are admitted by the demurrer.

In *Alexander* v. *McPeck,* 189 Mass. 34, this court held that vested rights in equitable contingent remainders could be reached under R. L. c. 159, § 3, cl. 7. *Clarke* v. *Fay,* 205 Mass. 228. See also *Stockbridge* v. *Mixer,* 227 Mass. 501, 509, 510. It was held in *Lewenstein* v. *Forman,* 223 Mass. 325, that the interest of the insured under a fire insurance policy on a building, after the destruction of the building by fire but before the insurance company has elected whether it would rebuild the building or pay the loss,

is property which can be reached and applied in satisfaction of a debt of the owner, under R. L. c. 159, § 3, cl. 7.

Upon principle, as well as upon the authority of the cases above referred to, it seems plain that the right of Blanchard to recover damages against the Fidelity Trust Company is a property right: it is a valuable interest vested in him which can be reached and applied in a creditor's suit. We believe it was the intention of the Legislature that such a right as the plaintiffs seek to reach should be within the purview of the statute. It is a property right which he could alienate and would pass by assignment in insolvency or in bankruptcy. *Alexander* v. *McPeck, supra. Putnam* v. *Story,* 132 Mass. 205. *In re Harper,* 175 Fed. Rep. 412. It could have been applied in payment of a judgment debt under the poor debtor statute, R. L. c. 168, § 22.

The defendant Blanchard contends that there is no vested right in any definite sum or fund, but a disputed contract right in which the liability is denied and the damages are unliquidated. That Blanchard has a claim for damages must be assumed as it is alleged in the bill and admitted by the demurrer. For this reason the possibility that the Fidelity Trust Company may deny its liability is immaterial and cannot be considered. If upon the trial of that action the trust company prevails, the plaintiff's right to reach and apply will be valueless. But that possibility cannot affect the question whether the right of action is property which can be reached and applied under the statute.

While the property right is of uncertain value, there seems to be no reason why the value cannot, in the language of the statute, be ascertained "by sale, appraisal or by . . . means within the ordinary procedure of the court." The uncertainty as to the value of the right might affect the amount of any appraisal or the price for which it could be sold; but these considerations do not affect the nature of the claim or the right of the plaintiffs to reach it under the statute.

It follows that the demurrer was overruled rightly.

The appeal from the order directing the issuance of an interlocutory injunction is not properly here and is dismissed.

In accordance with the terms of the report the defendant is to answer over.

*So ordered.*