Roach, Christine M., J.
This is a contract action originally filed in August 2004 for rental equipment, labor and- materials provided by Plaintiff City Rentals to defendant Petruzzi Brothers, Inc. Petruzzi Brothers defaulted in this action and judgment entered against it in September 2004. Pulte Home Corporation is the reach and apply defendant. It now moves for summary judgment on the ground that Pulte settled and dismissed any claims it had against Petruzzi, and thus City Rentals’ right to reach and apply has been extinguished. Following hearing on March 31, 2008 and consideration of the full record in this matter, Pulte’s Motion for Summary Judgment is DENIED, and the matter is set for pre-trial conference.
Undisputed Facts
Pulte is a real estate development corporation that developed property in Boylston and Grafton. In approximately March 2002, Pulte retained Petruzzi to oversee construction of these properties and to manage excavation. Petruzzi then contracted with City Rentals during the same time period to provide equipment and supplies to the project. City Rentals performed under its contract with Petruzzi from approximately September 2002 to July 2003. Although Petruzzi made periodic payments, it claimed the vast amount due and owing to City Rentals and other subcontractors was being unjustly withheld from Petruzzi by Pulte. As a result of what Petruzzi claimed was Pulte’s failure to pay, City Rentals was owed $70,318.75 plus interest, costs and fees.
On or about November 26, 2003, Pulte terminated Petruzzi. Thereafter, in February and March 2004, respectively, Petruzzi filed a mechanic’s lien in excess of $1.1 million, and an action in this court against Pulte to enforce the lien (Petruzzi Brothers, Inc. v. Pulte Homes of New England, LLC, Worcester Superior Court Civil Action No. 2004-00498, “Petruzzi Litigation”).
City Rentals filed this case against Petruzzi in August 2004. City Rentals sought and received a writ of trustee process against Hometown Bank. (Papers No. 2 & 5.) When the bank responded that it was holding no funds (Paper No. 6), City Rentals amended its Complaint on August 31, 2004 to add Pulte as a reach and apply defendant. (Paper No. 11.) That same day, on September 8, 2004, the court issued an order preventing Petruzzi and “all persons having actual notice of any order issued herein” from “transferring, assigning, dissipating, or paying” all income, funds or proceeds up to $70,318.75, including “all proceeds and other amounts due and owing including retainage profits or other proceeds to Petruzzi by Pulte under the Petruzzi Contract.” (Paper No. 11.1.)
Following Petruzzi’s default, entered on September 30, 2004, a second order of the court entered on October 8,2004 expressly prohibiting Pulte from “paying, distributing, transferring, conveying or assigning any sums of money directly to Petruzzi Brothers, Inc. until further order of this court.” The order explicitly excluded any contract offset rights Pulte had against Petruzzi, and stated that it should not “be construed to prohibit Pulte from exercising any of its own express offset rights contained in the contract Agreements between Pulte and Petruzzi that have been terminated by Pulte and are the subject of Worcester Superior Court Action No. 04-408 [the Petruzzi Litigation].” Id.
On October 13, 2004 Petruzzi filed for Chapter 7 bankruptcy (Paper No. 20), and this action was stayed. Most recently, on or about September 24, 2007, Pulte and the Trustee in bankruptcy filed a joint stipulation of dismissal of the Petruzzi litigation. Pulte did not notify City Rentals or this court of its intention to enter into the dismissal. Nonetheless, Pulte’s current motion for summary judgment is based on this dismissal.
Discussion
A defendant’s right to recover damages against a third party is a property interest that may be reached and applied by a plaintiff. Digney v. Blanchard, 229 *334 Mass. 235, 238-39 (1918). This right is admittedly valueless unless the defendant also has a right to recover against the third party. Id.
A statutoiy creditor’s action to reach and apply is governed by Mass. G.L. Chapter 214, section 3(6). To perfect the action, the creditor must file a complaint against both the debtor and any third party who possesses property of, or owes a debt to, the primary debtor. Additionally, the creditor must seek and obtain an injunction restraining the debtor and the third party. Once these steps are completed, the creditor acquires an equitable lien. Massachusetts Electric Co. v. Athol One, Inc., 391 Mass. 685, 687-88 (1984); Foxborough Savings Bank v. Ballarino (In re Ballarino), 180 Bankr. 343, 348 (D.Mass. 1995). The resulting lien includes elements of trustee process, because a third party is restrained from disposing of the defendant’s property, by way of its intangible, equitable interest. The lien is entitled to recognition in bankruptcy proceedings. McCarthy v. Rogers, 295 Mass. 245, 247 (1936).
The court finds City Rentals properly perfected its equitable lien on Petruzzi’s rights under its general contract with Pulte. As a result, Petruzzi (or its Trustee) could not dispose of or compromise Petruzzi’s contract rights as against Pulte without the assent of valid lienholder, City Rentals. Cf. ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70-71 (1st Cir. 2006) (addressing this issue in the context of a creditor intervenor in the same lawsuit).
It is impossible for the court to determine from this record whether the court’s preliminary injunction orders were violated,[1] because Pulte presents no evidence about the underlying terms of the settlement between Pulte and Petruzzi, for example whether set-offs were involved. Since Pulte bears the burden of proof that it is entitled to judgment as a matter of law, this alone is a sufficient basis to deny the motion. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989) (moving party bears the burden of affirmatively demonstrating the absence of a triable issue); Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006) (defendant must demonstrate that claimant has no reasonable expectation of proving an essential element of its case).
In addition, these facts present a problem of issue preclusion, formerly known as collateral estoppel. City Rentals was not a party to the settled Petruzzi Litigation. Nonetheless, Pulte is claiming that the issue of City Rental’s ability to collect on Petruzzi’s debt[2] via an amount owed to Petruzzi by Pulte has already been resolved, by virtue of a determination that Pulte no longer owes Petruzzi. Boyd v. Jamaica Plain Cooperative Bank, 7 Mass.App.Ct. 153, 157 note 8 (1979) (dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial). Issue preclusion requires that the party against whom it is asserted was either a party itself or in privity with a party to the prior adjudication. TLT Construction Corp. v. A. Anthony Tappe & Assoc., Inc., 48 Mass.App.Ct. 1, 5-6 (1999). A nonparty to a prior adjudication can be bound only where its interest was adequately represented by a parly. Massachusetts Property Ins. Underwriting Assn. v. Norrington, 395 Mass. 751, 754 (1985). To establish privily for these purposes, a “sufficient legal identity” must be found between the interest of the person allegedly represented and the prior litigant. Mongeau v. Boutelle, 10 Mass.App.Ct. 246, 249-50 (1980).
No argument can be made on this record that City Rentals had a full and fair opportunity through Pulte to have its interest in the debt of Petruzzi litigated. By no measure was City Rentals in privity with Pulte for purposes of the Petruzzi Litigation. Pulte and Cily Rentals have never had the same interests as against Petruzzi. The Petruzzi Litigation apparently involved far larger sums of money, as well as issues entirely outside City Rentals’ interest.
For all of the reasons addressed herein, third-party defendant Pulte’s motion for summary judgment is DENIED. The clerk will schedule this 2004 case for Pre-Trial Conference.

 Were the orders deemed sufficiently clear and unequivocal, certain sets of facts underlying the settlement arguably could make Pulte and its agents subject to civil contempt. Peggy Lawton Kitchens, Inc. v. Hogan, 403 Mass. 732, 734-35 (1989); Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 567-70 (1997); Bird v. Capital Site Management Co., 423 Mass. 172, 178-79 (1996) (any person who counsels, aids, or participates with a party).

 The debt was determined by Petruzzi’s default herein.