McDonald, C. Brian, J.
1.Introduction
This action arises out of a contract pertaining to a subdivision construction project in Boylston. The project owner and developer is the defendant, Pulte Homes of New England, LLC (Pulte), which hired the defendant Petruzzi Brothers, Inc. (Petruzzi) under a master contract to manage and oversee the site excavation and construction. Petruzzi, in turn, subcontracted the plaintiff, Nitro Dynamics, Inc. (Nitro), to perform drilling and blasting on the site. Nitro filed this action seeking $120,694.36 for unpaid work it performed on its subcontract. Nitro has brought claims for breach of contract (Count I against Petruzzi) and quantum meruit (Count II against Petruzzi), and for recovery on a mechanic’s lien dissolution bond (Count III against Pulte as principal and Fidelity as surety). Before the Court are Pulte’s motions for judicial notice of a stipulation of dismissal in a related action and for summary judgment.[2] The former is allowed; the latter is denied.
2.Motion for Judicial Notice
Before laying out the summary judgment record, the Court considers Pulte’s unopposed motion that this Court take judicial notice of the Stipulation of Dismissal With Prejudice in Petruzzi Bros., Inc. v. Pulte Homes of New England, LLC, Worcester Civil Action Number 2004-0498. “[A] judge may take judicial notice of the court’s records in a related action.” Jarosz v. Palmer, 436 Mass. 526, 530 (2002), citing Town of Brookline v. Goldstein, 388 Mass. 443, 447 (1983) (court may take judicial notice of court papers filed in prior actions between defendant and plaintiff).
Petruzzi Bros, Inc. v. Pulte Homes of New England, LLC, is related to this action because it is based in part upon the same master contract between two of the defendants here, Pulte and Petruzzi. Therefore, the Court allows the motion for judicial notice, but also takes judicial notice of and incorporates into the summary judgment record additional parts of the record in that action as necessary to address Pulte’s summary judgment motion.
3.Summary Judgment Record
The master contract between Pulte and Petruzzi is not in the summary judgment materials. Pulte is unaware of the terms of the contract between Nitro and Petruzzi and has never seen Nitro’s invoices to Petruzzi.
From December 2002 to October 2003, Pulte authorized disbursements of funds to pay amounts invoiced by Petruzzi based on the categories of work Petruzzi represented had been performed by subcontractors. Between February 2002 and August 2003, Petruzzi submitted invoices to Pulte for work to remove unsuitable soils from the Boylston site. Nitro’s written subcontract with Petruzzi for the removal of unsuitable soils by blasting and drilling was dated April 14, *494 2003, two months after Petruzzi began invoicing Pulte for unsuitable soil removal.
As of August 27, 2003, Pulte had paid Petruzzi all of the amounts invoiced to that date by Petruzzi for unsuitable soil removal: a total of $732,676. As the summary judgment record does not include Nitro’s invoices to Petruzzi, it cannot be determined whether, as of August 27, 2003, Nitro had completed its work on the subcontract and had submitted invoices for all of its work. At any rate, Nitro did complete its subcontract work and invoiced Petruzzi $611,749.84 for this work. Notwithstanding the amounts paid Petruzzi by Pulte, and notwithstanding Nitro’s invoices, Petruzzi paid Nitro only $491,055.48 for the removal of unsuitable soils. Nitro unsuccessfully demanded payment for the $120,694.36 balance from Petruzzi. On October 30, 2003, pursuant to G.L.c. 254, §§4 and 8 of the mechanic’s lien statute, Nitro filed and recorded at the Worcester Registry of Deeds a Notice of Contract and a Statement of Account in the amount of $120,694.36 and gave actual notice of these to Petruzzi and Pulte.
On November 13, 2003, Pulte recorded a Bond to Release Notice of Contract and Statement of Account under G.L.c. 254, §14. On November 26, 2003, Pulte terminated its contract with Petruzzi due to Petruzzi’s failure to pay its subcontractors.
On January 20, 2004, Nitro brought this action against Petruzzi, Pulte, and Fidelity; Pulte cross-claimed against Petruzzi for indemnification and to recover for unjust enrichment. On October 13, 2004, Petruzzi filed a petition for bankruptcy, but no suggestion of bankruptcy was filed in this action until August 13, 2006, when Pulte notified the Court of Petruzzi’s petition and asked that this action be stayed as to Pulte. No action has been taken on that request.
On March 16, 2004, Petruzzi brought suit against Pulte in Petruzzi Bros., Inc. v. Pulte Homes of New England, LLC, Worcester Civil Action Number 2004-0498. Nitro was not a party to that action, which arose out of contracts pertaining to four construction projects, one of which was the Boylston project. In its verified complaint, Petruzzi alleged, inter alia, that Pulte had not paid it amounts owed and that Petruzzi had filed a Notice of Contract and a Statement of Account in the amount of $1,198.123.20 with respect to the Boylston project. Pulte counterclaimed for breach of contract, contending inter alia, that Petruzzi had failed to pay its subcontractors on the Boylston project. In October 2004, Petruzzi filed a suggestion of bankruptcy in that action, and in August 2006, Petruzzi’s Chapter 7 Trustee was substituted for Petruzzi as plaintiff. On September 24, 2007, the Trustee and Pulte filed a Stipulation of Dismissal With Prejudice which reads in its entirety: “It is hereby stipulated by the parties that all claims and counterclaims in this action be dismissed with prejudice and without costs.”
Pulte now moves in this action for summary judgment, arguing that the stipulation establishes that Pulte owed Petruzzi no money, and therefore that Nitro’s mechanic’s lien is unenforceable.
4. Legal Discussion
a. Procedural Arguments in Opposition to the Motion for Summary Judgment
Nitro raises two arguments that this Court should not consider Pulte’s summary judgment motion. There is no merit to Nitro’s first argument, that the motion should be denied because it was filed three years after the tracking deadline. Superior Court Standing Order 1-88 allows the Court to disregard late motions, but does not mandate that result. See Bonnie W. v. Commonwealth, 419 Mass. 122, 123 (1994).
Nitro next urges the Court not to consider Pulte’s motion on the grounds that this action is suspended because on June 6, 2006, Pulte requested that this action be stayed as to Pulte due to Petruzzi’s petition for bankruptcy in 2004. As noted above, no action has been taken by this Court on Pulte’s request.
The automatic stay provisions of 11 U.S.C. §362(a)(l) apply to judicial proceedings against debtors such as Petruzzi who have filed a bankruptcy petition under the United States Bankruptcy Code. See 11 U.S.C. §362(a)(l) (“[A] petition [for bankruptcy] . . . operates as a stay, applicable to all entities, of — (1) the commencement or continuation, ... of a judicial . . . action or proceeding against the debtor that was commenced before the commencement of the case under this title . . .”). The automatic stay provisions apply only to proceedings against the debtor and not to proceedings against the debtor’s co-defendants. Allegheny International Credit Corp. v. Bio-Energy of Lincoln, Inc., 21 Mass.App.Ct. 155, 158 (1986).
In this action, Pulte is not a debtor protected by the automatic stay, even assuming the stay has not been modified by the Bankruptcy Court.[3] That parts of this action presumably are suspended (specifically, Nitro’s claims against Petruzzi and Pulte’s cross claims against Petruzzi) does not impair this Court’s ability to consider the motion which pertains to Nitro’s claims against Pulte and Fidelity.
b. Summary Judgment Motion
Summary judgment is proper where there is no genuine issue of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating the absence of a triable issue. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002).
The primary purpose of the mechanic’s lien statute, G.L.c. 254, is
to provide security to contractors, subcontractors, laborers, and suppliers for the value of their ser *495 vices and goods provided for improving the value of the owner’s real estate.
National Lumber Co. v. LeFrancois Constr. Corp., 430 Mass. 663, 668 (2000), quoting Hammill-McCormick Assocs., Inc. v. New England Tel. & Tel. Co., 399 Mass. 541, 542-43 (1987). A mechanic’s lien is perfected only by strict compliance with the statutory requirements, and G.L.c. 254 is strictly construed against the party claiming the lien. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. at 644. A mechanic’s lien “shall not exceed the amount due or to become due under the original contract as of the date notice of the filing of the subcontract is given by the subcontractor to the owner.” G.L.c. 254, §4. See BloomSouth Flooring Corp. v. Boys’ and Girls’ Club of Taunton, Inc., 440 Mass. 618, 623-24 (2003) (where general contractor’s default terminated contract before subcontractor filed notice of contract, general contractor was not owed more money under general contract at that time and subcontractor’s notice of contract gave no protection). Moreover, mechanic’s lien bonds “shall not create any rights which the claimant would not have had, or impair any defense which the obligors would have had, in an action to enforce a lien." G.L.c. 254, §12.
Pulte asserts that Nitro’s mechanic’s lien fails because no money was “due or to become due” by Pulte to Petruzzi as of October 30, 2003, the date Nitro gave Pulte notice of the filing of its Notice of Contract and Statement of Account.
For its argument that no money was due or to become due as of October 30, 2003, Pulte misplaces reliance on the Stipulation of Dismissal With Prejudice filed in Petruzzi Bros, Inc. v. Pulte Homes of New England, LLC. The Stipulation of Dismissal With Prejudice does not distinguish between the various construction projects or even refer to the Boylston project. It is not possible to determine from the record whether this agreed-upon dismissal involved set-offs or payments.[4] Because it generally addressed multiple claims and counterclaims and four construction projects, it does not conclusively establish that, as of October 30, 2003, money was not due or to become due to Petruzzi from Pulte for work on the Boylston project.[5]
Pulte terminated Petruzzi’s contract on November 27, 2003, yet last disbursed funds to Petruzzi on some unspecified date in October. A genuine issue of material fact exists as to whether, as of October 30, 2003, money was due or was to become due to Petruzzi from Pulte for work on the Boylston project.
ORDER
For all the foregoing reasons, it is hereby ORDERED that Pulte Homes of New England, LLC’s Motion for Judicial Notice of the Stipulation of Dismissal With Prejudice filed in Petruzzi Bros., Inc. v. Pulte Homes of New England, LLC, Worc. Civ. A. No. 2004-00498, is ALLOWED.
It is further ORDERED that Pulte Homes of New England, LLC’s Motion for Summaiy Judgment is DENIED.

Although the summaiy judgment motion states that it is only by Pulte, the materials filed in support of the motion (the memorandum and statement of facts) characterize it as being brought by both Pulte and Fidelity, which share legal counsel. The result reached here obviates the need to determine Fidelity’s participation in the motion.

The most recent information about the bankruptcy proceeding provided by the parties dates back to October of2004. It is not clear whether the automatic stay has been modified, lifted, or is still in place.

Furthermore, consistent with the reasoning of Justice Roach in another related case, the Stipulation of Dismissal With Prejudice entered between Pulte and the Chapter 7 Tmstee cannot fairly bar Nitro, who was not a party to the settled action, from litigating here about whether an amount was due or was to become due from Pulte to Petruzzi. See City Rentals, LLC, Inc. v. Petruzzi Brothers, Inc., Worcester Civil Action Number 2004-1603 [24 Mass. L. Rptr. 333] (equitable lienholder which was not a party to settled action between Pulte and Petruzzi was not precluded by Stipulation of Dismissal With Prejudice from asserting its rights under lien).

Pulte also ignores the legal standard and the undisputed facts in contending that by August 27, 2003, it had paid Petruzzi for all of Nitro’s work up until that point, and for an amount greater than that claimed by Nitro. The total amount paid by Pulte to Petruzzi for unsuitable soil removal is not dispositive of the validity of Nitro’s claimed mechanic’s lien. Furthermore, Pulte began paying Petruzzi for unsuitable soil removal two months before Petruzzi subcontracted Nitro, so it is far from clear that the total amount paid by Pulte for unsuitable soil removal included all of Nitro’s work. Nor does the record show that Nitro ceased working after Petruzzi submitted the August invoice, or that Pulte did not expect Petruzzi to add a mark-up to the amounts charged by its subcontractors when invoicing Pulte.